(No. 13391.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. ELSWORTH GLENN, Plaintiff in Error.

*Opinion filed October 23, 1920.*

1. CRIMINAL LAW—*what constitutes perjury.* Perjury is willfully, corruptly and falsely testifying to a matter material to the issue or point in question, and the testimony must be known to the witness to be false and intended to mislead the court or jury.

2. SAME—*when evidence of prior testimony before grand jury is not, alone, sufficient to convict of perjury.* A witness who testifies on a trial for the illegal sale of intoxicating liquor that he did not buy liquor of the defendant cannot be convicted of perjury in making such statement on the mere evidence of a contrary sworn statement by him before the grand jury, and if he denies' the truth of his statement before the grand jury it must be proved that he did buy the liquor before he can be convicted for committing perjury at the trial.

3. SAME—*instruction should not refer to stenographer's notes as "the record of a former judicial proceeding."* In a trial for perjury an instruction should not refer to stenographer's notes of former testimony by the defendant as "the record of a former judicial proceeding" and as the best evidence of the alleged false testimony, there being no record of a former judicial proceeding, or certified copy thereof, offered in evidence.

4. SAME—*materiality of the alleged false testimony is a question of law.* In a prosecution for perjury the materiality of the alleged false testimony on the point or issue involved is a question of law and not one of fact, and an instruction treating it as a mixed question of law and fact for the jury to determine is erroneous.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. GEORGE A. SENTEL, Judge, presiding.

ARTHUR F. MILLER, (LOUIS O. WILLIAMS, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, GROVER C. HOFF, State's Attorney, and GEORGE C. DIXON, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court: ·

Plaintiff in error (hereafter referred to as defendant) was indicted by the grand jury of DeWitt county for perjury under two indictments returned at the May term of court, 1919. The two cases were numbered, respectively, 590 and 591. In case No. 590 the indictment contained three counts and in case No. 591 four counts. Case No. 591 by agreement was consolidated with case No. 590, and the consolidated case was tried at the same time before the same jury. All orders were to be entered in case No. 590. The jury found the defendant guilty in manner and form as charged in the third count of the indictment in case No. 590 and found him to be fifty-two years old. Motions in arrest and for a new trial were overruled and judgment and sentence pronounced on the verdict. Defendant has brought the case to this court for review on a writ of error and urges the judgment should be reversed because (1) the defendant was acquitted of the offense charged before the verdict was returned; (2) the verdict is contrary to the evidence; and (3) the court committed reversible error in giving instructions for the People.

The three counts in the indictment in No. 590 and the first three counts in No. 591 are substantially identical, all charging defendant with having committed perjury in the county court of DeWitt county on the trial of the case of People *vs.* Charles Scott. The fourth count in No. 591 charged defendant committed perjury before the grand jury of DeWitt county at the February term, 1919, of the circuit court. At some stage in the proceedings the State's attorney entered a *nolle prosequi* to the first three counts in No. 591. Defendant alleges this was done after the jury were sworn, while the People assert it was done before the jury were sworn. It is not clear from the record which is correct. The consolidated case was submitted to the jury under the three counts in No. 590 and the fourth count in No. 591. The verdict was guilty under the third count in

No. 590. We think there is no merit in the claim that the defendant was acquitted of the charge upon which he was found guilty, by the entry of a *nolle prosequi* to the three counts of the indictment in No. 591. *People* v. *McGinnis,* 234 Ill. 68.

At the January term, 1919, of the DeWitt county circuit court the grand jury indicted Charles Scott for unlawfully selling intoxicating liquor in Clintonia township, in said county, the same being anti-saloon territory. The case was certified to the county court for trial. On the trial of the case in the county court defendant was called to testify as a witness, and the third count of the indictment in No. 590, the sufficiency of which is not questioned and under which the verdict of guilty was returned, charges that after being duly sworn by the county clerk defendant testified he had not, within eighteen months before the return of the indictment against Scott, bought intoxicating liquor from him in said county, whereas he well knew he had bought intoxicating liquor of Scott in said county within the time mentioned, thereby committing willful and corrupt perjury. The People proved by Marie Gregory, official reporter of the county court, that at the trial of Scott defendant testified he had not purchased intoxicating liquor of Scott within eighteen months before his indictment. Several of the grand jurors who were members of the grand jury that returned the indictment against Scott testified defendant was a witness before that body, and after being sworn he was interrogated by the State's attorney and grand jurors and testified that a short time before he had bought two drinks of whisky from Scott in the bath-room of the barber shop where Scott worked, and that he paid Scott fifty cents for the two drinks. Defendant did not directly deny he so testified before the grand jury. He admitted he probably did but said he did not mean to so testify. Scott admitted giving defendant a drink or two of whisky in the bath-room of his barber shop but denied selling it to

him. The claim of the defendant and Scott was that the money that passed between them was to pay for a haircut and shave. If defendant did purchase whisky of Scott in the bath-room of the barber shop he committed perjury when he swore on the trial of Scott that he did not buy intoxicating liquor from him. It was incumbent on the People to prove, first, that defendant purchased intoxicating liquor of Scott; and second, to prove that on the trial of Scott under the indictment for illegally selling intoxicating liquors, defendant swore he had not purchased intoxicating liquor from Scott. Perjury is willfully, corruptly and falsely testifying in a matter material to the issue or point in question. The testimony must be known to the witness to be false and must be intended to mislead the court or jury. (2 Wharton on Crim. Law,—9th ed.—1244.) The material question on the trial of Scott was whether he had sold intoxicating liquor within eighteen months before the return of the indictment against him. Defendant testified before the grand jury which returned the indictment that he had bought two drinks of whisky from Scott and had paid him fifty cents for them. If he had not bought intoxicating liquor from him his testimony before the grand jury was false, but he could not be convicted for giving that false testimony under an indictment charging him with falsely testifying on the trial of Scott that he had not purchased intoxicating liquor from him. It was therefore necessary for the prosecution to prove the testimony of the defendant before the grand jury was true. The proof on that question was the statement, under oath, before the grand jury that he did buy two drinks of whisky from Scott in the bath-room of the barber shop and pay fifty cents for them; the admission of Scott that he did give defendant one or two drinks of whisky in the bath-room but a denial by defendant and Scott that defendant paid for them, and the claim that the money paid Scott by defendant on that occasion was for a hair-cut and shave. A conviction

for perjury could not be sustained, alone, on the contradictory sworn statements of defendant, but to justify a verdict of guilty under the indictment in this case the State was required to prove that the testimony of defendant before the grand jury was true. Defendant denied it was true, and, while admitting he might have testified to buying liquor of Scott, testified he did not mean to do so, and excuses his action there by the claim, which we think has very slight support, that he was brow-beaten and bullied. We refrain from expressing any opinion on the sufficiency of the evidence to justify the verdict. The subject of conviction for perjury on the proof, alone, of contradictory statements on different occasions will be found discussed in *People v. McClintic*, (Mich.) L. R. A. 1917C, 52, and note also in 21 R. C. L. 271, where numerous authorities are cited.

The evidence is not so clear and conclusive that we can say errors in the instructions could not have prejudiced defendant. The eighth instruction given to the jury is erroneous. It refers to the stenographer's notes as "the record of a former judicial proceeding" and the best evidence of the alleged false testimony on the trial and the force and effect that should be given to it. There was no "record of the former judicial proceeding or certified copy thereof" offered in evidence. Perhaps the court reporter had transcribed her shorthand notes into typewriting, to which reference was made in asking her questions and by the witness in answering them, but whether that is so is not clear.

But a more serious error was committed in giving the People's tenth instruction. That instruction is divided into two paragraphs, the first paragraph telling the jury what were the necessary elements to be proved to authorize a verdict of guilty under the indictment in No. 590, the other paragraph what was required to be proved by the prosecution to warrant a conviction under the fourth count of the indictment in No. 591. Each paragraph of the instruction submitted to the jury to determine whether the false testi-

294 — 22

mony was material to the point or issue in the case in which the alleged false testimony was given. The general· rule is that the materiality of the testimony on the point or issue involved is a question of law and not one of fact. An instruction treating it as a mixed question of law and fact and one for the jury to determine is erroneous. *Wilkinson* v. *People*, 226 Ill. 135; *Young* v. *People*, 134 id. 37.

We are of opinion a new trial should be granted defendant. The judgment is therefore reversed and the case remanded to the circuit court.     *Reversed and remanded.*