(No. 36555.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE WILSON, Plaintiff in Error.

*Opinion filed May 25, 1962.*

BURTON REIF, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Willie Wilson, was found guilty of burglary in a bench trial in the criminal court of Cook County and was sentenced to the penitentiary for a term of not less than two nor more than ten years. On this writ of error he contends that the indictment was fatally defective, that the trial court erred in considering evidence offered in the separate trial of a codefendant, and that the evidence did not establish his guilt beyond a reasonable doubt.

Defendant was indicted jointly with three other men for burglary of an auto repair shop in Chicago on June 3, 1960. Wilson and two of his codefendants were granted a severance and were tried on September 6, codefendant Fleming having been tried on September 1.

About 2 A.M. on the morning of June 3 Officer Alford entered the alley behind Malcolm Eckart's auto repair. The repair shop consisted of a brick garage and a shed attached to the garage on the west side. The shed was about 7 feet square and was divided by a north-south partition. The east half of the shed was open on the alley side. The west half was used for the storage of used batteries and parts and had a door on the alley side. Part of the partition was broken out so that access could be had to the batteries without opening the door to the shed.

Alford found two men in the alley behind a car parked by the garage. The car trunk was open and contained a battery which was identified as one that had been in the shed. Defendant and another man were found hiding in the east half of the shed behind some cardboard. Malcolm Eckart testified that about 40 to 50 batteries were missing from the shed's storage area.

The indictment charged that defendant "broke and entered a certain building, to-wit: auto repair of Malcolm Eckart, Sr. and Malcolm Eckart, Junior copartners." Defendant contends that the indictment is fatally defective because an auto repair is not a building within the meaning of the statute defining the crime of burglary. (Ill. Rev. Stat.

of 1959, chap. 38, par. 84.) Where an alleged fact is preceded by "to-wit," it is said to be laid under a *videlicet*. (*People* v. *Rivas*, 5 Ill.2d 556.) "The precise and legal use of a *videlicet* in every species of pleading is to enable the pleader to isolate, to distinguish and to fix with certainty that, which before, was general, and which, without such explanation, might with equal propriety have been applied to different objects." (*People* v. *Shaver*, 367 Ill. 339.) By the *videlicet* the premises were particularized by setting out the type of business which was conducted in the building and by the names of the individuals who engaged in that business.

In *People* v. *Gillespie*, 344 Ill. 290, a building within the meaning of the burglary statute was defined to be "a fabric, structure or edifice, such as a house, church, shop or the like, designed for the habitation of men or animals or for shelter of property." In determining whether the indictment meets the requirements of the definition we should consider not only the established technicalities of criminal pleading but also the meaning of everyday English usage. An indictment which fairly charges the crime, enables the defendant to prepare his defense, and protects him from subsequent prosecution for the same offense, is sufficient. (*People* v. *Woods*, 24 Ill.2d 154.) We are of the opinion that this indictment meets these requirements.

Defendant next contends that the trial court committed prejudicial error by considering evidence offered in the separate trial of a codefendant. Defendant argues that the trial judge, in reserving his decision in the trial of the codefendant until the conclusion of defendant's trial, showed his intention to consider the evidence in both trials together. Defendant also urges that the court's improper approach is further shown by the judge's remark in defendant's trial concerning broken pieces of batteries when such testimony had only been offered in the prior trial.

This court has repeatedly said that the deliberations of

the trial judge are limited to the record made before him in open court. (*People* v. *Savage*, 5 Ill.2d 296; *People* v. *Thunberg*, 412 Ill. 565; *People* v. *Rivers*, 410 Ill. 410; *People* v. *McMiller*, 410 Ill. 338.) Here, the trial judge, in ruling on an objection, did refer to certain pieces of broken batteries which he said were found on the shed floor. This knowledge could only have come to him through hearing the testimony in a separate trial. However, defendant had opportunity to establish the actual facts or to rebut any unfavorable inferences arising from the remark. Furthermore, we fail to see how reservation of a decision in the codefendant's trial prejudiced the defendant. If he feared that the court would consider evidence from the prior trial, defendant could have moved for a change of venue. We are of the opinion that in these circumstances defendant has failed to establish prejudicial error.

Defendant next contends that he was not proved guilty beyond a reasonable doubt. He did not testify in his own behalf. The testimony offered by the State showed that he was found with a codefendant behind some cardboards in the Eckart shed. The door to the storage area of the shed had been broken open. Forty or fifty batteries had been removed from the shed. One of the batteries was found in the trunk of a car which was parked behind the shed and which had been in the possession of the defendants. Malcolm Eckart, Sr., identified the battery as one which had previously been in the shed. Although there may have been minor inconsistencies in some of the testimony, we are of the opinion that there was sufficient credible evidence to sustain a finding of guilty.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*