(No. 37280.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAYMOND BRYAN *et al.*, Plaintiff in Error.

*Opinion filed February 1, 1963.—Rehearing denied March 27, 1963.*

ROBERT H. RICE, of East St. Louis, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN M. KARNS, JR., State's Attorney, of Belleville, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JAMES H. BANDY and CHARLES E. HAMILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

Defendants, Raymond Bryan and Norman Owens, were found guilty of burglary and larceny by a jury in the circuit court of St. Clair County, and were each sentenced to the penitentiary for not less than 10 nor more than 20 years. Both defendants prosecute this writ of error to reverse their convictions, claiming that their guilt was not established beyond a reasonable doubt.

On June 27, 1961, at 11:50 P.M., police officers Ernest Bovinette and James Melvin were patroling in a squad car near a Sears, Roebuck store. They observed a car with its lights out parked at the door of a small building known as the Key Shop situated in the Sears parking lot. They also observed someone inside the key shop, and a person behind the wheel of the car. They entered the parking lot and turned on the bright lights of their car and proceeded to the parked car. Bovinette observed a man coming out of the Key Shop, stopping at the door of the parked car and then running. The defendant Bryan then turned on the lights of the parked car and drove toward the parking lot exit but was headed off and apprehended by the police. Bovinette then pursued the fleeing man and fired four shots at him. He talked to one Evelyn Stokes who stated she saw the fleeing man. After exhausting the search Bovinette returned to the Key Shop and retraced the path of the fleeing suspect. About 250 feet from the Key Shop he found several books, ledgers, code charts and key charts that were the property of the Key Shop, and a crowbar.

The car which defendant Bryan was driving was registered in the name of Norman Owens and contained a letter addressed to Owens. Approximately two weeks later Bovinette identified Norman Owens as the fleeing suspect, but officer Melvin was unable to identify Owens in the same line-up.

At the trial both Bovinette and Evelyn Stokes identified Owens as the fleeing suspect, while the defendants called three witnesses who testified that Owens was with them at a fishing camp at the time of the burglary. The principal argument of defendants relates to the sufficiency of the identification of Owens.

Bovinette claimed to have been able to identify Owens because the area was well lighted by two light standards in the vicinity and a green fluorescent sign over the Key Shop. However, officer Melvin could only recall a small light in-

side the building and the green light on top. It was so dark he needed a flashlight to examine the top of the building. Three other police officers testified that they went to the Sears parking lot about midnight and the overhead lights were not on and it was dark. Bovinette also admitted that he had testified before a police magistrate that the overhead lights were not on. Evelyn Stokes had a view of the fleeing suspect aided only by a street light 75 feet away, and she saw him in profile only as he stopped and looked back. The police report indicates she described the subject as having "red short hair," but at the trial she denied this. She did not identify Owens until the day she appeared at the trial.

From a careful review of the entire record, we do not believe the identification of the defendant Owens was sufficient to produce an abiding conviction of guilt. The identification of the defendant Owens is weakened by the contradictions of Bovinette's testimony, his impeachment by prior testimony before the police magistrate, and the testimony of other officers as to the poor lighting conditions. The impaired weight of the identification testimony, together with the substantial alibi testimony, compel us to reverse the conviction of Owens. Cf. *People* v. *McGee,* 21 Ill.2d 440; *People* v. *Kidd,* 410 Ill. 271.

This conclusion, however, does not require a reversal as to defendant Bryan. There is no doubt but that the Key Shop was burglarized, and Bryan was apprehended escaping from the scene. In the absence of any rational explanation for Bryan's presence at midnight in an unlighted car° at the scene of the burglary, we are of the opinion that there was sufficient evidence to sustain a finding of guilty as to Bryan. *People* v. *Wilson,* 24 Ill.2d 598.

Bryan also claims that the introduction into evidence of the stolen property and the crowbar was error in that they were not shown to be in the possession or control of Bryan. With this we cannot agree. We think that there

is an abundance of circumstances linking the exhibits to Bryan. There is ample evidence that the Key Shop was burglarized by Bryan and another and the articles were found in the path taken by the fleeing suspect. They were properly admitted in evidence. *People* v. *Santucci,* 24 Ill.2d 93; *People* v. *Stanton,* 16 Ill.2d 459.

The judgment of the circuit court of St. Clair County is, therefore, affirmed as to Raymond Bryan and reversed as to Norman Owens.

*Affirmed as to Bryan;*
*Reversed as to Owens.*