**People of the State of Illinois, Appellee, v. Charles B. Harris, Defendant-Appellant.**

Gen. No. 67–134.

Fifth District.

November 20, 1968.

Robert H. Rice, of East St. Louis, for appellant.

Willard C. Pearce, State's Attorney, of Fairfield, and Richard C. Cochran, Assistant State's Attorney, of counsel), for appellee.

MORAN, J.

The Grand Jury of Wayne County, Illinois returned the following indictment for perjury against appellant on the 16th day of September, 1964:

> "The Grand Jurors, chosen, selected and sworn, in and for the County of Wayne, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on the 25th day of June, 1963, at and within said County, CHARLES B. HARRIS committed the offense of PERJURY in that he did falsely swear under oath as required by law, in a certain criminal action entitled the People of the State of Illinois, Plaintiff, vs. Charles B. Harris, Defendant, Cause No. 63–3001, Circuit Court of Wayne County, Illinois, June Term, 1963, that the said CHARLES B. HARRIS never had or owned a .45 caliber automatic nor a .45 caliber weapon of any kind, whereas in truth and in fact the said CHARLES B. HARRIS did, prior to the giving of his said testimony, have a .45 caliber weapon, which false statement, testimony or allegation was material to the issue or point in question as raised by said above described criminal action, all in violation of the Criminal Code of 1963, Section 32–2, and contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois."

The State proved in defendant's perjury trial that one Howard Taylor was killed by several .45 caliber slugs fired from a .45 caliber weapon; that the defendant, Charles Harris, testified in the trial of Cause No. 63–3001 that he had never owned or had a .45 caliber weapon

of any kind, and that contrary to what defendant had testified to in Cause No. 63–3001, the defendant had a .45 caliber weapon in his possession on several occasions prior to the trial of Cause No. 63–3001 in 1965. One witness testified that he saw defendant with a .45 caliber pistol and a Thompson submachine gun in 1948 and with a chrome-plated .45 pistol in 1952; another that he saw defendant with a .45 caliber pistol in defendant's automobile in February of 1954 and another testified that he worked for defendant on defendant's farm in Wayne County, Illinois in May or June of 1962 and saw a loaded .45 pistol in the glove compartment of defendant's car at that time.

The defendant contends on this appeal that the State failed to prove that the purported false testimony given in Cause No. 63–3001 by the defendant was material to any issue in that case, because there was no proof in his perjury trial of what the issue or point in question was in Cause No. 63–3001, and therefore there was no proof of what his false testimony was material to as required by chapter 38, section 32–2(a), Illinois Revised Statutes, which provides, "a person commits perjury, when under oath or affirmation in a proceeding or in any other matter when by law such oath or affirmation is required, he makes a false statement material to the issue or point in question, which he does not believe to be true."

■■■■ To convict one of perjury under this statute, the State must not only prove the false statement, but prove that it was material to the issue or point in question. "A statement can be neither material nor immaterial in itself, but its materiality must be determined in accordance with its relation to some extraneous matter." 70 CJS, Perjury, par 11, p 466. Materiality looks to the relationship between the propositions for which the evidence is offered and the issues in the case. McCormick on Evidence, p 315. Therefore the State must prove the falsity of the statement made in the prior proceeding

and prove what the issue or point in question in the former proceeding was, so the court can ascertain the materiality of the alleged false statement to the issue or point in question. The materiality of alleged false testimony in a perjury trial is a question of law for the court. People v. Berry, 309 Ill 511, at 512, 141 NE 132.

■ We have searched the record carefully for any evidence in the present case which would signify what the issues in Cause No. 63–3001 were and have found none. In our opinion it was necessary to introduce into evidence in defendant's perjury trial enough of the records and testimony in Cause No. 63–3001 to prove what the issue or point in question in that trial was. Young v. People, 134 Ill 37, 24 NE 1070. The record before us does not contain the indictment or any other record or testimony in Case No. 63–3001 which proves to what issue in that case defendant's purported false testimony was material.

In Wilkinson v. People, 226 Ill 135, 80 NE 699, the court said at 146 and 147: "(A)nd so here, without any proof whatever tending to show how or in what manner the alleged false testimony became then and there material to the issue on trial in the case in which it is alleged the perjury was committed, it is clear that the conviction cannot be sustained."

So, too, in the present case, it is clear that the conviction cannot be sustained because it was not shown in the present case how or in what manner the alleged false testimony in Case No. 63–3001 became then and there material to the issue on trial in that case. In the view that we take of this case, it will not be necessary to consider other errors raised by appellant.

For the foregoing reasons the judgment of the Circuit Court of Wayne County is reversed.

Judgment reversed.

EBERSPACHER and GOLDENHERSH, JJ., concur.