THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MATHIS TAYLOR, JR., Defendant-Appellee.

(No. 11560;

Fourth District—August 2, 1972.

Lawrence E. Johnson, State's Attorney, of Urbana, (James R. Burgess, Assistant State's Attorney, of counsel,) for the People.

Prentice H. Marshall, of Champaign, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On September 30, 1969, the Grand Jury returned an indictment in the Circuit Court of Champaign County charging Mathis Taylor, Jr., defendant-appellee with the crime of perjury. The indictment alleged that defendant did, on May 29, 1969, perjure himself in that under oath in a proceeding he made a false statement material to the issue in question "* * * *said statement he did not believe to be true * * *." (Emphasis supplied.) Defendant moved to dismiss the indictment on the grounds that it failed to allege the proceeding during which the statement was made, that the content of the statement was not alleged and that there was insufficient information contained therein to apprise the defendant of the nature of the charge. On October 27, 1969, the court allowed defendant's motion and dismissed the indictment.

On November 25, 1969, the Grand Jury again returned an indictment charging the defendant with perjury allegedly committed on May 29, 1969. This indictment alleged that defendant

"committed the offense of PERJURY in that while then and there being under oath, duly administered, in a proceeding where by law such oath is required, to-wit: A Grand Jury proceeding inquiring into the death of one John Cushingberry in the Champaign County Jail, he did then and there make a false statement, material to the issue or point in question, to-wit: that he had observed said John Cushingberry being struck by Sheriff's deputies, *which statement he does not believe to be true,* in violation of Chapter 38, Section 32-2 of the Illinois Revised Statutes of 1967 * * *." (Emphasis added.)

Defendant moved to dismiss the indictment and one of the grounds set forth in the motion was that the indictment did not allege "facts

which, if true, constitute the offense of perjury". On December 30, 1969, a trial judge heard the motion to dismiss and reserved ruling, on January 2, 1970, he denied the motion stating:

"The next thing is that the language of the indictment still doesn't set out what he is supposed to have said. I suppose that gets down to really the tense in which it's put in, and so forth. It's the Court's feeling that that language is in substance sufficient to make the charge; that the defendant understands what he is charged with."

On August 20, 1970, the court fixed trial date on the indictment for October 26, 1970, and later reset the case for trial on December 14, 1970.

On December 10, 1970, defendant filed another motion to dismiss the indictment, urging that the language "* * * which statement he *does* not believe to be true" related to defendant's present state of mind rather rather than charging that the defendant knew the statement to be false *when made* and that the indictment therefore failed to charge perjury since the essence of the crime is knowledge, on the part of the witness, of the falsity of the statement at the time the statement is made.

This motion to dismiss was heard by a different judge on the day it was filed. The motion was denied.

On December 14, 1970, the same judge entered an order reciting that the Court reconsidered the Motion to Dismiss the Indictment, allowed defendant's motion and dismissed the indictment from which order the People appeal. The basis of the ruling was that the indictment charged defendant's present knowledge of falsity of the statement in question rather than his knowledge of falsity at the time of making the statement.

■■ Appellant contends that the order appealed from was barred by prior orders of the Court which had overruled defendant's motion to dismiss, that the doctrine of *res adjudicata* or estoppel by finding applies. We disagree. The denial of defendant's motion to dismiss the indictment was not a final and appealable order. It was an interlocutory order. (*People v. Miller*, 35 Ill.2d 62, 67, 219 N.E.2d 475.) *Res judicata* does not apply to an interlocutory order. *Quinn v. McMahan*, 40 Ill.App. 593; *People v. 1965 Chevrolet*, 99 Ill.App.2d 201, 240 N.E.2d 169.

Appellant's position is further, and in our view, conclusively, refuted by the provisions of Chapter 38, Sec. 116-2, Ill. Rev. Stat. 1969, which provide that the Court shall grant motion in arrest of judgment when the indictment does not charge an offense. For these reasons we hold that the trial judge was not precluded from dismissing the indictment despite prior rulings which were to the opposite effect.

■■ Knowledge of the falsity of the statement *at the time of the utterance* is an essential element of the crime of perjury. (*People v. Glenn*, 294 Ill. 333, 336; I.P.I. Criminal 22.02, par. Second.) In *People v.*

*Wilson,* 24 Ill.2d 598, 182 N.E.2d 683, cited by appellant, the indictment charged that defendant broke and entered a building "to-wit: auto repair of Malcolm Eckart, Sr., \* \* \*." The defendant contended that an "auto repair" was not a building within the meaning of the statute defining burglary. The Court considered the meaning of everyday English usage and held the indictment sufficient. *Wilson* is distinguishable from the instant case since we are unaware that common English usage implies the past tense from present tense. In *People v. Edge,* 406 Ill. 490, 94 N.E.2d 359, defendant had been charged in an information under "an act for the prevention of policy-playing". (Ill. Rev. Stat. 1949, Chap. 38, Par. 413.) The information recited that the defendant "\* \* \* did then and there unlawfully have in his possession \* \* \*." a policy ticket. Section 2 of the statute made the *knowing* possession of a policy ticket a criminal offense. The Court held that the omission, in the information, of word "knowingly" was not supplied, in substance, by the word "unlawfully" and that the information did not charge a criminal offense since the defendant's state of mind at the time of possession of the ticket was an essential element of the offense. In this case the trial court held that the indictment failed to charge an essential element of the crime of perjury in that it did not allege defendant's state of mind at the time of making the statements in question. The trial court was correct in its ruling and we affirm its judgment.

The appellant briefed and argued the question of defendant's right to a speedy trial on the premise that this was an additional ground upon which the trial judge had allowed the motion to dismiss. We do not consider this assignment of error since the record conclusively establishes that the sole basis for the ruling was the failure of the indictment to charge an offense.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.