(No. 47150.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ALEXANDER PUJOUE, Appellee.

*Opinion filed September 26, 1975.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Patrick T. Driscoll, Jr., Laurence J. Bolon, Raymond J. Prosser, William Haddad and Michael Goggin, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Anthony Pinelli and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a bench trial in the circuit court of Cook County defendant, Alexander Pujoue, was convicted of unlawful use of weapons in violation of section 24—1(a)(10) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)) and sentenced to 90 days in the House of Corrections. Defendant appealed, the appellate court reversed (23 Ill. App. 3d 810), and we allowed the People's petition for leave to appeal.

This action was commenced by the filing of a complaint prepared on a printed form apparently intended for use in charging violations of either section 24—1(a)(4) or 24—1(a)(10) of the Criminal Code. Section 24—1, in pertinent part, provided:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm; or

\* \* \*

(10) Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town, except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver or other firearm."

As reproduced in the record and briefs the complaint contains three versions of the reference to the statute allegedly violated, but as set forth in defendant's brief the complaint reads as follows:

"Officer W. Gehl complainant, \*\*\* states that Alexander Pujoue has, on or about 4 Nov 1972 at Arthington & Kedzie, Cook County Ill committed the offense of Unlawful Use of Weapons in that he knowingly carried concealed (in a vehicle) or (on or about his person) a firearm to wit: 32 Cal H & R Revolver Serial Number AJ 77584 in violation of Chapter 38, Section 24—1a410 \*\*\*."

The appellate court reversed the conviction on the ground that in omitting the allegation that the revolver was loaded the complaint failed to set forth an element of the offense and therefore did not comply with section 111—3 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 111—3), which in pertinent part provided:

"(a) A charge shall be in writing and allege the commission of an offense by:

\* \* \*

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;"

The People contend that the judgment of the appellate court is erroneous and argue: "A statute that is specifically cited by name and section on the face of a complaint is 'incorporated by reference' into the pleading for purposes of determining the court's jurisdiction, the accused's notification of the charge and the accused's freedom from double jeopardy." They argue further that "with the advent of an array of discovery mechanisms and the availability of trial transcripts, criminal pleading has been liberalized to such an extent that a formal complaint is no longer narrowly construed with pretended naivete. *People v. Jones,* 53 Ill.2d 460, 464, 292 N.E.2d 361 (1973); *People v. Garmon,* 19 Ill. App. 3d 192, 195, 311 N.E.2d 299 (1st Dist. 3d Div. 1974). A plain evaluation of the complaint in this case reasonably shows that the charge, read in its entirety and in conjunction with the statute cited therein, contained every essential element of the crime of unlawful use of weapons, enabled the defendant to prepare a defense and protected him from being put in jeopardy twice."

We do not agree with the People's contention that the citation of the statutory provision alleged to have been violated served to incorporate the statute, by reference, into the complaint. The clear and explicit language of section 111—3 of the Code of Criminal Procedure required that both the statutory provision cited and the nature and elements of the offense charged be set forth. One of the elements of the offense proscribed by section 24—1(a)(10) is that the weapon be loaded, and section 111—3 requires that it be alleged. With respect to the People's argument concerning an "array of discovery mechanisms," under *People v. Schmidt,* 56 Ill.2d 572, the criminal discovery rules do not apply to this case.

Citing a number of authorities and relying principally upon *People v. Abrams,* 48 Ill.2d 446, and section 114—1(a)(8) of the Code of Criminal Procedure (ch. 38, par. 114—1(a)(8)), defendant contends that because the complaint failed to state the nature and elements of the offense charged it was subject to dismissal. He argues: "Since the State fails to advance any convincing reason for abandoning this well-established rule, the judgment of the lower court should not be disturbed." He contends that since the words "concealed in a vehicle" were stricken from the complaint, in the absence of the allegation that the revolver was loaded, no statutory violation was charged.

We are not here presented the question and we do not decide whether this complaint could withstand a pretrial motion filed pursuant to section 114—1 or a motion in arrest of judgment filed pursuant to section 116—2 of the Code of Criminal Procedure. While we do not approve of any failure to comply strictly with the explicitly stated requirements of section 111—3 of the Code of Criminal Procedure, the sufficiency of a complaint attacked for the first time on appeal must be determined by a different standard, and we do not agree with the appellate court that failure to allege an element of the offense in the complaint, *per se,* rendered it void.

When attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Grant,* 57 Ill.2d 264; *People v. Harvey,* 53 Ill.2d 585.

It is apparent from the record that defense counsel, at trial, treated the complaint as charging a violation of section 24—1(a)(10). Defendant testified that the gun "accidentally went off"; obviously whether the gun was loaded was not made an issue and the failure to allege that

it was loaded did not prejudice preparation of his defense.

This leaves for determination the question whether the complaint was sufficient to plead in bar of a future prosecution. It alleged the date and place of the commission of the offense and contained a detailed description of the revolver. Even without resort to the record (*People v. Jones,* 53 Ill.2d 460, 464) the complaint is clearly sufficient to be pleaded in bar of another prosecution, and we so hold. This appeal presents no other issues and the judgment of the appellate court is therefore reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*