THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARVEY J. WASHINGTON, Defendant-Appellant.

First District (3rd Division) No. 61563

Opinion filed December 18, 1975.

James J. Doherty, Public Defender, of Chicago (Anthony Pinelli and Lee D. Bastianoni, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In a nonjury trial the defendant, Harvey Washington, was convicted of the offense of unlawful use of weapons (Ill. Rev. Stat., 1973, ch. 38, par. 24—1(a)(10)) and was sentenced to two years' probation with the condition that the first six months be served in the House of Correction. His contentions on appeal are that the evidence was insufficient to prove beyond a reasonable doubt that he carried a weapon on his person, and that the complaint which charged him with the offense was fatally defective because it did not allege that the offense was committed in the City of Chicago.

Chicago Police Officer Sonya Worth testified that on August 4, 1974, at 4:20 in the morning, at a time when there was no other traffic and it was quiet on the street, she was sitting in the passenger seat of a squad car with her partner, Don Wojcik, who was driving. With them was a citizen who had flagged down their car a few moments earlier. She observed the defendant behind a car which was parked on her side of the street. He was about 10 to 15 feet from her and as she started to get out of the squad car she saw him bend down and heard "a metallic kind of click." The defendant came around the parked car toward the street, and she held him at gun point while her partner went to the curb side of the car and recovered a revolver from the ground where the defendant had been standing. The defendant denied that he bent down or that he threw the weapon to the ground. He said that he kept on walking when he saw the police car.

■■ We find that the circumstantial evidence proved beyond any reasonable doubt that the defendant carried the weapon on his person

and discarded it. Although Officer Worth did not actually see the weapon on the defendant's person since he was standing behind a parked car, she was only a few feet from him when she observed him bend down and heard a sound that could have been made by a falling gun. She then saw her partner find a revolver where the defendant had been standing. In the early morning, no other persons were in the neighborhood. The trial court did not have to believe the defendant's testimony in the face of this evidence. The testimony of a single witness is sufficient to support a conviction if it is positive and credible, as it was here. *People v. Garmon* (1974), 19 Ill.App.3d 192, 311 N.E.2d 299.

A second contention is that the complaint failed to properly charge an offense in that it did not allege that the defendant carried the gun within the corporate limits of a city. The statute provides:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(10) Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town \* \* \* any loaded pistol, revolver or other firearm." Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10).

■■ A complaint, such as this one, attacked for the first time on appeal, is sufficient if it apprised the accused of the offense sufficiently to allow him to prepare his defense and to plead a resulting conviction as a bar to a future prosecution arising out of the same conduct. (*People v. Pujoue* (1975), 61 Ill.2d 335, 335 N.E.2d 437). The complaint before and after amendment and the report of proceedings, when read together, show the date and time and precise location of the offense and describe the gun, including its serial number. This is enough to bar any subsequent prosecution arising out of the same conduct. Nor does the record show the defendant was misled in preparing his defense. One indication of this is that he filed a written post-trial motion in which he did not raise any issue concerning the complaint. The complaint was amended by the prosecutor in open court immediately prior to the trial to strike "possessed within the corporate limits of the City of Chicago" as surplusage. This was a mistake, but the defendant's assent to this action plus the fact that he was arrested at the same place the gun was found, show that as a practical matter he was well aware that the offense took place in Chicago. The testimony of Officer Worth also placed the offense and the arrest at 1301 South Loomis Street in the City of Chicago. The location of the offense was not made an issue at the trial or raised in the post-trial motion, and the failure to allege that it was

committed in the City of Chicago did not prejudice the defendant in the preparation of his defense.

The judgment is affirmed.

Affirmed.

McGLOON, P. J., and McNAMARA, J., concur.