THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CURTIS MITCHELL, Defendant-Appellant.

Fourth District   No. 13029

Opinion filed December 2, 1976.

CRAVEN, J., specially concurring.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The defendant, Curtis Mitchell, entered a negotiated plea of guilty to the offenses of perjury in violation of section 32—2(b) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 32—2(b)), and escape in violation of section 31—6(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 31—6(a)), and was sentenced to concurrent terms of imprisonment of not less than two nor more than six years. No question is raised in regard to

the sufficiency of the Rule 402 admonitions (58 Ill. 2d R 402). The only issue raised by the parties is whether the indictment is sufficient to charge the offense of perjury.

The indictment charged defendant with perjury in that he:

> "[W]hile under oath made contradictory statements, material to the same point in question, in two separate proceedings, in that he on July 20, 1973, In The Matter of the People of the State of Illinois vs. Gregory Eversden, Docket No. 73-CF-93, he testified that he had sold a stolen 'Space Center' to Gregory Eversden and that subsequently on January 17, 1974, In the Matter of People of the State of Illinois vs. Gregory Eversden, Docket No. 73-CF-154, he testified that he had not sold a stolen 'Space Center' to Gregory Eversden."

The defendant argues that the indictment is fatally defective because it fails to allege that the defendant made a statement "which he does not believe to be true." (Ill. Rev. Stat. 1973, ch. 38, par. 32—2(a).) The State contends that, under section 32—2(b) of the Criminal Code, it is not necessary for the State to prove that defendant believed one of the statements to be false and, if such need not be proven, it need not be alleged.

The pertinent statutory language provides:

> "(a) A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true.
>
> (b) Proof of Falsity.
>
> An indictment or information for perjury alleging that the offender, under oath, has made contradictory statements, material to the issue or point in question, in the same or in different proceedings, where such oath or affirmation is required, need not specify which statement is false. At the trial, the prosecution need not establish which statement is false." (Ill. Rev. Stat. 1973, ch. 38, par. 32—2(a) and (b).)

*People v. Taylor* (1972), 6 Ill. App. 3d 961, 286 N.E.2d 122, cited by defendant for the proposition that knowledge of the falsity of the statement at the time of the utterance is an essential element of the crime of perjury, involved a single false statement made under oath in violation of section 32—2(a). *People v. Ricker* (1970), 45 Ill. 2d 562, 262 N.E.2d 456, is a more pertinent case in that it, like the instant case, involved contradictory statements, the type of perjury contemplated by section 32—2(b).

In *Ricker*, the perjury conviction was based upon the defendant's contradictory testimony before the grand jury and subsequently at trial.

The defendant challenged the constitutionality of section 32—2(b), arguing that it creates an unconstitutional presumption of guilt.

The court stated that by definition contradictory statements of fact can not both be true and that proof of contradictory statements under the circumstances provided in paragraph (b) is proof of all of the elements of perjury as defined in paragraph (a). (45 Ill. 2d 562, 566, 262 N.E.2d 456, 459.) Therefore, the only presumption involved in section 32—2(b) is a presumption that the defendant did not believe both statements to be true. Such a presumption is reasonable and constitutionally permissible, reasoned the court, since it is a rebuttable presumption which puts the burden of going forward with evidence on the defendant. (45 Ill. 2d 562, 565, 262 N.E.2d 456, 458.)

■■ Since, under *Ricker*, there is a presumption that defendant did not believe both statements alleged in the indictment to be true, and under the statutory violation charged the prosecution is not required to specify which statement is false and "need not establish which statement is false" by proof, the prosecution is correct in its contention that defendant's mental state need not be proven upon each statement, but the burden is upon the defendant to rebut the presumption that he did not believe both statements to be true.

■■ The issue argued by defendant is raised for the first time on appeal. In *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, it was held that when the sufficiency of the indictment is attacked for the first time on appeal, the complaint will be held to be sufficient if it apprised the defendant of the precise offense charged with sufficient specificity to prepare his defense and to show a resulting conviction or acquittal as a bar to future prosecution arising out of the same conduct.

■■ The indictment in this case is specific in the allegation of the contents of the contradictory statements and in identifying the proceedings in which they occurred so that the defendant could both prepare a defense and plead a resulting conviction or acquittal as a bar.

Defendant's conviction and sentence are affirmed.

Affirmed.

SIMKINS, J., concurs.

Mr. JUSTICE CRAVEN, specially concurring:

I concur in the judgment that the conviction should be affirmed. In *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, and *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, the supreme court clearly held that an information or indictment when attacked for the first time on appeal is sufficient if it apprised the accused of the offense charged with

sufficient specificity to prepare his defense and to show a resulting conviction as a bar to future prosecution arising out of the same conduct. In this case, the defendant, by motion prior to trial, did attack the sufficiency of the indictment but not upon the specific grounds now urged. I would agree that under *Pujoue* and *Gilmore*, the indictment cannot now be attacked. Waiver is more a valid disposition of this case in view of the fact that this was a negotiated plea of guilty, such plea being a waiver of all non-jurisdictional defects. It is unnecessary to discuss the substantive but waived issue of the validity of the indictment.

It should be noted, although the issue is not raised, that the consecutive sentences as imposed are contrary to the decision of this court in *People v. Dawson* (1975), 30 Ill. App. 3d 147, 332 N.E.2d 58. For the reasons set forth in that case, said sentences should be held to be concurrent.