THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLIFFORD DYER, Defendant-Appellant.

Fifth District   No. 75-308

Opinion filed July 26, 1977.

Ralph Ruebner and Allen L. Weiderer, both of State Appellate Defender's Office, of Elgin, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Phyllis J. Perko and Barbara A. Preiner, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Clifford Dyer, was convicted in the Circuit Court of Montgomery County of the offense of perjury and sentenced to a term of one to three years in the penitentiary. He appeals, arguing that the indictment charging him with perjury failed to state the elements of that offense, and that the trial court erred in giving the jury three non-IPI instructions.

The indictment charged, in relevant part, that defendant, while under oath, "did *knowingly* make a false statement material to the issues in question, which he *does* not believe to be true * * *." Prior to trial, defendant filed a motion to dismiss the indictment for failure to state an offense. (See Ill. Rev. Stat. 1975, ch. 38, par. 114—1.) Defendant also challenged the sufficiency of the indictment in his motion in arrest of judgment. (See Ill. Rev. Stat. 1975, ch. 38, par. 116—2.) The trial court denied both motions.

■■ In its brief, the State asserts that "an indictment is sufficient if it states the elements of the crime with sufficient particularity to apprise the defendant of the crime charged and enable him to prepare his defense, and to permit a resulting conviction or acquittal to be pled in bar of any subsequent prosecution for the same offense." If an information or indictment satisfies the foregoing test it will be upheld when attacked for the first time on appeal. In order to withstand a pretrial motion or a motion in arrest of judgment, however, a charging instrument must strictly comply with the explicitly stated requirements of section 111—3(a) of the Code of Criminal Procedure. (*People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456 (1976); *People v. Pujoue*, 61 Ill. 2d 335, 335 N.E.2d 437 (1975); Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a) (a charge shall set forth

the nature and elements of the offense charged).) The indictment here was challenged both in defendant's pretrial motion and in his motion in arrest of judgment. We must, therefore, apply the more stringent test.

■■ In order to convict the defendant of perjury, the State was required to prove, *inter alia*, that the statement made by defendant was false and that when defendant made the statement, he did not believe it to be true. (*People v. White*, 16 Ill. App. 3d 158, 305 N.E.2d 743 (4th Dist. 1973); Ill. Rev. Stat. 1975, ch. 38, par. 32—2.) Defendant relies upon *People v. Taylor*, 6 Ill. App. 3d 961, 286 N.E.2d 122 (4th Dist. 1972), in arguing that the instant indictment did not state an offense. In the *Taylor* case, the defendant was charged under an indictment which stated that "he did * * * make a false statement * * * which statement he *does not* believe to be true." The appellate court held that this indictment was insufficient because it did not allege defendant's state of mind at the time he made the statement.

■■ In our opinion, the instant case is distinguishable from *Taylor* because the indictment here charged that defendant "did *knowingly* make a false statement * * *." Section 4—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 4—5) states that a person who knows or acts knowingly of "[t]he nature or attendant circumstances of his conduct, described by the statute defining the offense, when he is consciously aware that his conduct is of such nature or that such circumstances exist." In charging that defendant knowingly made a false statement, the indictment charged defendant with the state of mind, that is, belief in the falsity of the statement, proscribed in the statute. We feel, therefore, that the indictment sufficiently stated the elements of the offense charged. The portion of the indictment alleging defendant's present state of mind (" * * * he does not believe [the statement] to be true") is surplusage and may be disregarded. *People v. Weaver*, 41 Ill. 2d 434, 243 N.E.2d 245 (1968), *cert. denied*, 395 U.S. 959, 23 L. Ed. 2d 746 (1969), 89 S. Ct. 2100; Ill. Rev. Stat. 1975, ch. 38, par. 111—5(d).

Defendant argues that the trial judge committed reversible error in giving the jury non-IPI instructions defining the offense of perjury and setting forth the issues for the jury to resolve. These instructions quoted, in their entirety, the Illinois Pattern Instructions applicable to perjury cases (see IPI Criminal Nos. 22.01 and 22.02), but, unlike the pattern instructions, informed the jury that a person is guilty of perjury only if his allegedly false statement was material to and made during a proceeding wherein an oath was required by law. The instructions allowed the jury to determine whether an oath was required. Regarding the materiality of the alleged false statement, however, the jury was instructed:

> "That the Court has determined as a matter of law that the statements of defendant were material to the issue before the court at the time they were made."

■■■ Materiality and an oath required by law are both elements of the offense of perjury. (See Ill. Rev. Stat. 1975, ch. 38, par. 32—2.) They were purposely omitted from the Illinois Pattern Instructions, however, because both present questions of law for the court to decide. (*People v. Glenn*, 294 Ill. 333, 128 N.E. 532 (1920); *Wilkinson v. People*, 226 Ill. 135, 80 N.E. 699 (1907); Annot., 62 A.L.R.2d 1027 (1958); IPI Criminal Nos. 22.01 and 22.02, Committee Notes.) Illinois Pattern Instructions must be given in a criminal case unless they are not applicable or do not accurately state the law. (Ill. Rev. Stat. 1975, ch. 110A, par. 451(a); *People v. Dickens*, 19 Ill. App. 3d 419, 311 N.E.2d 705 (5th Dist. 1974).) They may be modified only where the facts make them inadequate. (*People v. Malone*, 37 Ill. App. 3d 185, 345 N.E.2d 801 (1st Dist. 1974).) The pattern instructions should have been given in this case and the failure to do so was error.

■■ Not every erroneous ruling on instructions, however, is ground for reversal. A conviction will not be reversed for error in the instructions which could not have prejudiced or injured the accused. (*People v. Leach*, 398 Ill. 515, 76 N.E.2d 425 (1948); *Gillespie v. Norfolk & Western Ry. Co.*, 3 Ill. App. 3d 779, 278 N.E.2d 420 (4th Dist. 1972).) Defendant contends that use of the non-IPI instructions in this case prejudiced him because they allowed the jury to decide whether defendant's allegedly false statement was made in a proceeding where an oath was required by law. Although allowing the jury to decide this question of law was clearly erroneous, we feel that it was harmless here because the evidence conclusively established that defendant's statement was made in such a proceeding.

■■ Defendant also argues that he was prejudiced when the trial court instructed the jury that his statement was material as a matter of law. Defendant theorizes that because of the "exalted position" which the trial judge occupies in the minds of the jurors, this instruction subtly conveyed the idea that defendant should be found guilty of the offense charged. We do not agree. (See *People v. Pittman*, 55 Ill. 2d 39, 302 N.E.2d 7 (1973).) The court's instruction correctly stated the law, and any prejudicial effect which it could have had was, in our opinion, negated when the trial judge instructed the jury that:

> "Neither by these instructions nor by any ruling or remark which I have made do I mean to indicate any opinion as to the facts or as to what your verdict should be."

For the reasons stated above, the judgment of the Circuit Court of Montgomery County is affirmed.

Affirmed.

CARTER, P. J., and EBERSPACHER, J., concur.