THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
STERLIS "TUCK" AVANT, Defendant-Appellant.

Fourth District   No. 15823

Opinion filed July 17, 1980.

Richard J. Wilson and Charles M. Schiedel, both of State Appellate
Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Gary J. Anderson and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Following a jury trial, the defendant, Sterlis Avant, was convicted of three counts of armed violence (Ill. Rev. Stat. 1977, ch. 38, par. 33A—2). The three counts of armed violence were based upon the underlying felonies of intimidation (Ill. Rev. Stat. 1977, ch. 38, par. 12—6), aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)), and criminal damage to property in excess of $150 (Ill. Rev. Stat. 1977, ch. 38, par. 21—1). The defendant was also convicted of the unlawful use of weapons (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(10)), aggravated battery, intimidation and criminal damage to property. Defendant was sentenced to the Illinois State Penitentiary "for a period of six years based on conviction of armed violence, five years for aggravated battery, five years for intimidation, three years criminal damage to property. All sentences to run concurrently." On appeal, the defendant contends that his convictions for armed violence based upon aggravated battery and criminal damage to property and his separate conviction for the offense of aggravated battery should be reversed.

Briefly, the evidence presented at the defendant's trial that is relevant to this appeal shows that defendant intentionally ran his automobile into the rear of Bobby Clark's Volkswagen. Defendant got out of his car and asked Clark about the money that Clark owed the defendant. With his left hand, the defendant knocked off Clark's cap. After his cap had been knocked off, Clark noticed that defendant had a pistol halfway out of his right pocket with his right hand on it. Subsequently, the defendant fired a shot into the left rear tire of Clark's automobile. Then, defendant fired two more shots into the automobile's engine. The evidence presented at trial showed that the shots fired into the tire and engine resulted in damages less than $150. However, the total damage to Clark's automobile, which includes the damage caused by the defendant ramming his car into Clark's as well as the damage caused by the gunshots, exceeded $150.

The information charging the defendant with armed violence (Ill. Rev. Stat. 1977, ch. 38, par. 33A—2) based upon aggravated battery stated that the defendant committed the offense of armed violence:

> "in that, while armed with a dangerous weapon, namely: a pistol, he committed the felony of aggravated battery in that in committing a battery by knowingly making physical contact of an insulting or provoking nature with Bobby R. Clark, said Sterlis "Tuck" Avant used a deadly weapon namely: a pistol."

In relevant part, section 12—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—4) reads:

"(b) A person who, in committing a battery either:

(1) Uses a deadly weapon;

         * * *

commits aggravated battery."

Because defendant did not knock off Clark's cap with his gun and because Clark did not see the gun until his cap was knocked off, the defendant argues that he did not use a deadly weapon in the commission of a battery. And, therefore, he did not commit aggravated battery and consequently armed violence based upon aggravated battery. We disagree.

■■ The Committee Comments to section 12—4 of the Illinois Criminal Code of 1961 (Ill. Ann. Stat., ch. 38, par. 12—4, Committee Comments, at 465 (Smith-Hurd 1979)) states that section 12—4(b) "involves a battery committed under aggravated circumstances from which great harm might and usually does result (although it did not in the particular case), and therefore it constitutes a more serious threat to the community than a simple battery." Ostensibly, section 12—4(b) was intended to reach the type of conduct engaged in here. Moreover, we agree with the State that, although the weapon was not used to make the actual contact complained of, the weapon was used to make the contact more insulting or provocative. The statute does not require that the deadly weapon be the instrument of the battery.

■■ However, the record shows that the defendant's conviction for armed violence based upon aggravated battery and the aggravated battery were founded upon the same act. Because aggravated battery is a lesser-included offense of armed violence, the conviction and sentence for aggravated battery must be vacated. *People v. Howard* (1979), 78 Ill. App. 3d 858, 397 N.E.2d 877; *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.

Next the defendant argues that his conviction of armed violence based upon criminal damage to property should be reversed because the evidence indicates that the damage caused by the three gunshots did not exceed $150 and therefore the evidence shows that he only committed the misdemeanor of criminal damage to property. See Ill. Rev. Stat. 1977, ch. 38, par. 21—1.

■■ Although the evidence at trial did not establish that the three shots that the defendant fired caused in excess of $150 damage to Clark's automobile, the evidence showed that the defendant caused in excess of $150 damages to the automobile. The defendant testified that he

deliberately rammed his automobile into Clark's Volkswagen. From the evidence presented, the jury could reasonably conclude that the defendant was armed with his pistol at this time. The defendant got out of his car, knocked off Clark's cap, committing the offense previously discussed, and then fired three shots into the automobile he had rammed. As noted earlier, when the damage caused by the defendant ramming his car into Clark's car is added to the damage caused by the defendant firing three shots into Clark's automobile, the total damage to Clark's automobile exceeds $150.

However, the information charging the defendant with armed violence based upon criminal damage to property stated that the defendant committed the offense of armed violence:

> "in that, while armed with a dangerous weapon, namely: a pistol, he committed the felony of criminal damage to property exceeding $150.00 in value in that knowingly and without the consent of the owner, Bobby R. Clark, said Sterlis "Tuck" Avant damaged the property of said Bobby R. Clark, namely: a 1966 Volkswagen automobile, 1978 Illinois registration TD 4043 by firing three shots into said automobile, such damage exceeding $150 in value."

The State did not prove that the three shots the defendant fired into Clark's automobile caused over $150 damage. Rather, the record establishes that the defendant only committed the misdemeanor of criminal damage to property by shooting the automobile. The State did not try to amend the information.

■ The defendant's conviction for armed violence based upon criminal damage to property in excess of $150 cannot stand because of the wording of the information as set out above. We do not agree with the State's contention that the variance between the information, which alleged that over $150 damage was caused by the three shots, and the proof at trial that showed that the shots caused less than $150 damage was not prejudicial to the defendant. Admittedly, the record shows that the defendant offered evidence and arguments that controverted the total amount of damage done and whether he was armed at the time of the collision. Thus, the defendant's defense was not prejudiced by the variance between the information and the evidence presented. However, the information is prejudicial to the defendant, because as it is worded it would not bar further prosecution arising out of the same conduct. See *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.

■ The record shows that the defendant was convicted and sentenced for armed violence based upon intimidation. (See Ill. Rev. Stat. 1977, ch. 38, par. 12—6.) Because both convictions are founded upon the same

act, the conviction and sentence for intimidation must be vacated. *People v. Howard* (1979), 78 Ill. App. 3d 858, 397 N.E.2d 877; *King.*

For the aforementioned reasons this cause is remanded to the circuit court with the directions to vacate the defendant's conviction for armed violence based upon criminal damage to property (count III), and to vacate the convictions and sentences for criminal damage to property, aggravated battery, and intimidation. At trial, the defendant was proved guilty of the misdemeanor offense of criminal damage to property. Accordingly, the circuit court should enter a conviction and sentence for that offense.

Affirmed in part; reversed in part; remanded with directions.

TRAPP and GREEN, JJ., concur.