The State v. Rupp.

---

No. 20,028.

THE STATE OF KANSAS, *Appellee*, v. JACOB A. RUPP, *Appellant*.

SYLLABUS BY THE COURT.

1. OATH—*Properly Administered.* The evidence held sufficient to support a finding of the administration of an oath.

2. FALSE AFFIDAVIT—*To Procure Marriage Certificate.* Under the statute making it a misdemeanor to swear falsely in an affidavit that the persons for whom a marriage certificate is asked are of lawful age, a conviction may be had, notwithstanding the affiant did not know his statement to be untrue. In order that the maker of a false affidavit in that connection may be protected from prosecution by reason of a mistake on his part, he must, while acting in good faith and upon reasonable grounds, have believed the facts to be as he stated them.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed October 9, 1915. Affirmed.

*J. P. Shutts*, of Hays, for the appellant.

*S. M. Brewster*, attorney-general, and *E. C. Flood*, county attorney, for the appellee; *E. A. Rea*, and *J. H. Simminger*, both of Hays, of counsel.

The opinion of the court was delivered by

MASON, J.: Jacob A. Rupp was prosecuted upon the charge of having made an affidavit in support of an application for a marriage license, stating the age of the prospective bride to be eighteen years, when in fact it was but fifteen. He was convicted and sentenced to pay a fine of $100. He appeals.

The defendant maintains that while he signed the statement in question he did not swear to it. There was considerable testimony to that effect. But the probate judge whose jurat was attached to the writing testified that while he had no specific recollection of this particular transaction, his custom in such cases was to administer the oath in the form prescribed by the statute, and that he was confident the custom had been followed in this instance. One of the witnesses who denied that the defendant had been sworn testified very positively that the probate judge concluded the marriage ceremony, which immediately followed, with the words "so help you God." The evidence made the question of the actual administration of the oath a fair one for the jury.

The defendant was a second cousin of the girl he married. According to her testimony he told her at a dance that he wanted her; she knew he meant by this to ask if she would be his wife; she did n't want to get married, and told him so—that she was too young; he then asked how old she was, and she answered that she was fifteen; he gave her whisky, which she had never before tasted, and she became intoxicated; they went together from the dance to the house of a friend, and from there with others to the office of the probate judge, where they were married at five o'clock in the morning; she did not understand what was going on during the ceremony, but the defendant afterwards told her they had been married. Neither of the girl's parents were notified or knew anything of the affair until later. The couple left that day for Denver, where the defendant was arrested a few days later. The officer making the arrest testified that the defendant told him his wife was sixteen years old, and in answer to a question as to why he had n't gone to see her father before the marriage said that he and the girl's father did n't get along very well and her father would n't stand for his marrying her.

The defendant complains of the refusal of the trial court to give an instruction to the effect that he could not be convicted unless the jury were satisfied that when he signed the affidavit he knew the statement as to the bride's age to be untrue. The instruction given on that point (which also is complained of) read as follows:

"Before you can find the defendant guilty . . . you must be satisfied . . . that the defendant . . . knew or believed that she [the bride] was under eighteen years of age, or made such affidavit without careful inquiry and investigation as to her age, and in reckless disregard of his duty to know the facts to which he is alleged to have sworn in the affidavit."

The statute forbids the issuance of a license for the marriage of any female person under the age of eighteen years without the consent of her father (if living with his family, otherwise of her mother or guardian). Her age is required to be shown by affidavit. Originally one swearing falsely in such an affidavit was made guilty of perjury (Gen. Stat. 1909, § 4859), a felony punishable by confinement and hard labor for not exceeding seven years (Gen. Stat. 1909, § 2641). The present law reads:

"Every person swearing falsely in such affidavit shall be deemed guilty of a violation of this act and shall be punished by a fine not exceeding five hundred dollars." (Laws 1913, ch. 224, § 2.)

Some penal statutes are interpreted literally, the acts denounced being held to constitute an offense without regard to motive. (Notes, 25 L. R. A., n. s., 661, 669.) "Whether or not in a given case a statute is to be so construed is to be determined by the court by considering the subject-matter of the prohibition as well as the language of the statute, and thus ascertaining the intention of the legislature." (12 Cyc. 148.) We do not think it was the purpose of the makers of the law under consideration to punish one who swears to a statement which upon reasonable grounds he believes to be true, but which turns out to be erroneous. On the other hand, the statute would be practically nullified by the adoption of the test proposed by the defendant—that he could only violate the law by swearing to something he knew to be untrue. Good faith is all that is required of an affiant, but good faith involves something more than a mere lack of posi-

The State v. Rupp.

tive information to the contrary of what is sworn to; it implies an affirmative belief in the truth of the assertion, based upon a fair and honest weighing of such information as is at hand. (30 Cyc. 1405; Note, 25 L. R. A., n. s., 654.) Moreover, he who makes a positive affidavit to a particular condition thereby holds himself out as having some reasonably reliable information on the subject, and for one to swear to a fact, of the existence of which he knows himself to be entirely ignorant, is rightly held to constitute perjury. (22 A. & E. Encycl. of L. 690; 30 Cyc. 1404.)

The policy of the state is to forbid minors marrying without the consent of their parents or guardians. To give effect to this a showing under oath is required to be made to the probate judge that both parties are of lawful age, before a license is issued. That the regulation may be enforced a penalty for false swearing in that connection is imposed. If one who knows nothing about the matter can safely furnish a false affidavit, securing complete immunity by purposely abstaining from all inquiry as to the facts, the object of the law will be defeated. A showing under oath as to the age of a person for whom a marriage certificate is sought can be conscientiously or legally made only by an affiant who, acting in good faith and upon reasonable grounds, believes the facts to be as stated. The instruction quoted substantially covered this ground.

The judgment is affirmed.