THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES S. WHITE, Defendant-Appellee.

(No. 12036;

Fourth District—December 20, 1973.

C. Joseph Cavanagh, State's Attorney, of Springfield (Walter F. Farrand, Assistant State's Attorney, of counsel), for the People.

Thomas F. Londrigan, of Springfield (J. H. Weiner, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal by the State pursuant to Supreme Court Rule 604 (a)(1) from the granting of defendant's motion in arrest of judgment, following a jury verdict of guilty, on the grounds that the indictment was insufficient to charge perjury. Ill. Rev. Stat. 1971, ch. 110A, sec. 604(a)(1).

The defendant applied for and was issued liquor licenses by the State of Illinois and the city of Springfield in October 1970, during which time he was an elected member of the Board of Supervisors of Sangamon County. The Illinois Liquor Control Commission's application form, which was filled out under oath, included the question: "Are you, or is any other person directly or indirectly interested in your place of business, a public official as defined in section 2(14), art. VI of the Illinois Liquor Control Act?" To this, the defendant answered, "No." The provision of the Liquor Control Act referred to in the question prescribed persons ineligible to receive liquor licenses and specifically includes members of county boards. Ill. Rev. Stat. 1971, ch. 43, sec. 120 (14).

The defendant was indicted by a Sangamon County grand jury and charged with two counts of perjury in violation of Ill. Rev. Stat. 1971,

ch. 38, sec. 32—2 and two counts of violating the Illinois Liquor Control Act, article X, section 1 (Ill. Rev. Stat. 1971, ch. 43, sec. 183). By jury trial, the defendant was found guilty of both perjury and violating the Illinois Liquor Control Act relating to his application to the State Liquor Control Commission—the court having directed verdicts of not guilty at the close of the People's evidence to the counts charging the same two offenses with regard to the application to the city of Springfield. The defendant filed a motion in arrest of judgment pursuant to Ill. Rev. Stat. 1971, ch. 38, sec. 116—2 on the ground that each count of the indictment failed to state facts which constitute the offense under the law. The trial court granted the motion arresting judgment with an opinion explaining that the requisite mental state for perjury could not be established without a showing that the defendant knew the content of the section of the Liquor Control Act referred to in the question. The official docket entry reads: "Judgment of guilty arrested for failure of the indictment to allege and the proof to sustain the correct mental state requisite for perjury and the facts alleged and proved in the case."

Ill. Rev. Stat. 1971, ch. 38, sec. 32—2(a) provides that: "A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true." Ill. Rev. Stat. 1971, ch. 38, sec. 111—3 requires that a charge be in writing and allege the commission of an offense by (1) stating the name of the offense; (2) citing the statutory provision alleged to have been violated; and (3) setting forth the nature and elements of the offense charged.

The indictment charged that the defendant while an assistant supervisor of Capitol Township and a member of the County Board of Sangamon County, Illinois, committed the offense of perjury in that he, while under oath in a matter where by law such oath is required, made a false statement which he did not believe to be true, to-wit: answered "No" to question numbered 19(F) contained in an application for a license to the Illinois Liquor Control Commission and affidavit which said question was in the words as follows: "Are you, or is any other person, directly or indirectly interested in your place of business, a public official as defined in section 2(14), article VI of the Illinois Liquor Control Act?" Therefore, said answer to said question was material to the issue or point in question in that article VI, section 2(14) of the Illinois Liquor Control Act as amended (Ill. Rev. Stat. 1969, ch. 43, sec. 120(4)) provides: "* * * no license of any kind issued by the State Commission or any local commission shall be issued to: (14) any * * * member of a county board; * * *."

 The argument here centers around the statutory phrase "which he does not believe to be true", the State contending that the legislature purposely omitted knowledge of falsity as an element of the offense. The defendant argues that the phrase really means "which he believes to be false" and that a person may not be convicted of perjury unless he knowingly makes a statement which he believes to be false. Assuming that there is indeed a distinction between making a false statement while believing it to be false, and making a false statement while believing it not to be true, we observe that the legislature has defined the crime of perjury in terms which are clear and unambiguous. Under the statute the State (in addition to other elements of the offense not here in question) must prove that (1) the statement is false and (2) that the person making the statement did not believe it to be true at the time that the statement was made. The defendant argues that the charge here should allege that he *knew* what offices were included in "public officials" under the pertinent section of the Illinois Liquor Control Act, and that only with that knowledge could his untrue negative response constitute perjury. This, of course, would require the State to prove knowledge that the statement was in fact false. This mental state is not an element contained in the statute. What the defendant sought in the trial court, and seeks here, is a change in the legislative definition of perjury by means of judicial construction. In essence he urges that it must be alleged that the defendant had full knowledge of the matters in issue, knew the provisions of the Illinois Liquor Control Act and gave an informed and reasoned answer which he *knew* to be false. Defendant relies upon *People v. Taylor*, 6 Ill.App.3d 961, 286 N.E.2d 122. However, in *Taylor*, the sole issue posed dealt with the problem presented by an indictment, the language of which pertained to defendant's *present* state of mind, rather than his belief at the time of making the statement. The holding in *Taylor* does not support defendant's argument here. The defendant surely knew that he was a member of the Board of Supervisors and that he was applying for a state liquor license in answering questions required by law to be under oath. A court conducts its business (as does the State in the circumstance of the instant case) upon the premise that persons under oath will respond to questions with answers which they believe to be true. This is, in essence, all that the statute requires. It is intended to insure the validity of the fact seeking process. Even though the answer is false the witness is not guilty of perjury unless at the time of the answer it be proven that he did not believe the answer to be true. It does not seem unjust to impose criminal sanctions when, through carelessness or ignorance, a witness makes a false statement "which he does not believe to be true" at the time the statement

is made. As stated in *People v. Rupp*, 96 Kan. 446, 151 P. 1111, "If one who knows nothing about the matter can safely furnish a false affidavit, securing complete immunity by purposely abstaining from all inquiry as to the facts the object of the law will be defeated." (96 Kan. 446, 449.) The general rule governing the sufficiency of indictments is set forth in *People v. Grieco*, 44 Ill.2d 407, 225 N.E.2d 897:

> "[A]n indictment phrased in the language of the statute creating the crime is sufficiently certain where the words of the statute so particularize the offense as by their use alone to notify the accused of the precise offense charged against him. [Citations.] But where the statute does not specifically define the crime, or does so only in general terms, some act showing an alleged violation of the statute must be averred." 44 Ill.2d 407, 409-10.

A motion in arrest of judgment for failure of the indictment to state an offense may be allowed only where the defect in the indictment relates to non-compliance with Ill. Rev. Stat. 1971, ch. 38, sec. 111—3(a)(3) which requires a description of the nature and elements of the offense. (*People v. Blanchett*, 33 Ill.2d 527, 212 N.E.2d 97; *People v. Parr*, 130 Ill.App.2d 212, 264 N.E.2d 850.) The indictment here stated the elements of the offense with sufficient particularity to apprise the defendant of the crime charged and to enable him to prepare his defense, and to permit conviction or acquittal to be pleaded in bar of a subsequent prosecution as required by *People v. Grieco, supra*. The indictment cited the statutory provision, set forth the nature and elements of the offense as required by section 111—3(a) of the Criminal Code; in addition it set out the question asked and defendant's allegedly false answer as required by *People v. Aud*, 52 Ill.2d 368, 288 N.E.2d 453. This court is without authority to add further elements to the statutory definition of perjury by requiring the State to charge and to prove matters not required by a statute couched in plain language which means precisely what it says. The indictment here was a valid, sufficient charge. (*People v. Vraniak*, 5 Ill.2d 384, 125 N.E.2d 513.) The judgment of the trial court arresting judgment on the ground of insufficiency of the indictment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.