(No. 46504.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JAMES S. WHITE, Appellant.

*Opinion filed November 27, 1974.*

SCHAEFER and DAVIS, JJ., dissenting.

Thomas F. Londrigan and J. H. Weiner, of Londrigan, Potter & Billington, of Springfield, for appellant.

William J. Scott, Attorney General, and C. Joseph Cavanagh, State's Attorney, both of Springfield (James B. Zagel and John F. Podliska, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

A jury in the circuit court of Sangamon County found the defendant, James S. White, guilty of perjury. The trial court allowed the defendant's motion in arrest of judgment. The appellate court reversed the judgment of the circuit court (16 Ill. App. 3d 158), and we granted leave to appeal.

The defendant was a member of the Sangamon County Board of Supervisors in October, 1970. At that time he applied for and was issued liquor licenses by the State of Illinois and by the city of Springfield. The application form prepared by the Illinois Liquor Control Commission which the defendant filled out and signed under oath contained the question: "Are you, or is any other person, directly or indirectly interested in your place of business, a public official as defined in Sec. 2(14) Art. VI of the Illinois Liquor Control Act?" In the blank space provided following the question defendant inserted the word "no." This question was only one of many contained in the questionnaire relating to persons ineligible to receive a liquor license under the provisions of section 2 of article VI of the Illinois Liquor Control Act (Ill. Rev. Stat. 1969, ch. 43, par. 120). In section 2(14) among those persons listed as being ineligible for a license is "any president or member of a county board."

Section 32—2 of the Illinois Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 32—2) defines perjury as follows:

> "A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, *which he does not believe to be true.*" (Emphasis added.)

It is the italicized portion of this section on which the primary dispute has centered. The trial court felt that this phrase must be interpreted as meaning, "which he believes to be false," whereas the appellate court held that this clause means precisely what it says and that it is not required that the indictment charge and the State prove

that defendant knew or believed the statement to be false. The difference in the two interpretations is that under the literal language of the statute an uninformed though not known to be false answer to the question in the application could constitute perjury, whereas under the other interpretation it would not. We find it unnecessary to resolve this dichotomy since we find the indictment otherwise defective.

Section 116—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 116—2) provides that the court shall grant a motion in arrest of judgment when: "(1) The indictment *** does not charge an offense, or (2) The court is without jurisdiction of the cause."

An indictment for perjury must set forth the alleged false statements either verbatim or in substance because the words used "are both the offense and the means by which the offense is committed." (*People v. Aud*, 52 Ill.2d 368, 370.) However, the alleged false statement must be a statement of fact and not a conclusion, opinion or deduction drawn from given facts. That the conclusion, opinion or deduction is erroneous or is not a correct construction or a logical deduction from the facts cannot constitute false swearing. (*People v. Polk*, 21 Ill.2d 594, 60 Am. Jur. 2d *Perjury* sec. 8 (1972); 70 C.J.S. *Perjury* sec. 5 (1951); Annot., 66 A.L.R.2d 791 (1959).) The defendant contends that the question on which the perjury charge in this case is based did not call for a factual answer but rather called for a conclusion and that the answer of the defendant, though it may have been an erroneous answer did not constitute the offense of perjury. We agree and find that the indictment which sets forth the precise question and answer thereto does not charge the defendant with the offense of perjury.

Count II of the indictment in question charged:

"JAMES S. WHITE, while an assistant supervisor of Capitol Township and a member of the county board of Sangamon County, Illinois, committed the offense of

PERJURY in that he, while under oath in a matter where by law such oath is required, made a false statement, which he did not believe to be true, to wit: answered "No" to the question numbered 19 (F) contained in an application for license to the Illinois Liquor Control Commission and affidavit, which said question was in the words as follows: 'Are you, or is any other person, directly or indirectly interested in your place of business, a public official as defined in Section 2(14) Art. VI of the Illinois Liquor Control Act?'; which said answer to said question was material to the issue or point in question in that Article VI Section 2(14) Illinois Liquor Control Act, as amended, (Ill. Rev. Stat. 1969, Chapter 43, Para. 120(14)) provides: 'No license of any kind issued by the State Commission or any local commission shall be issued to: (14) any *** member of a county board; ***.' "

To properly assess the nature of the defendant's answer of the single word "no" to the question, the entire section of the statute referred to must be considered. The indictment mentions only "any *** member of a county board" as being a person ineligible to receive a license. However section 2(14) names many classes of persons who are ineligible and reads in full:

"Any law enforcing public official, any mayor, alderman, or member of the city council or commission, any president of the village board of trustees, any member of the village board of trustees, or any president or member of the county board; and no such official shall be interested in any way, either directly or indirectly, in the manufacture, sale or distribution of alcoholic liquor;"

It should be noted that the question to which the defendant answered "no" asked if he is "a public official *as defined in section 2(14) Art. VI* of the Illinois Liquor Control Act." (Emphasis added.) Although there are many classes of officials named in this paragraph as being ineligible, including members of county boards, the only use of the term "public official" in this paragraph is any *law enforcing* public official. Although the members of the several classes of persons named in this paragraph are normally considered to be public officials, again, we

emphasize that the question was specifically limited to public officials as defined in that paragraph. The fact that a reading of this paragraph would disclose that the defendant, a member of the county board, is not eligible for a license will not support a charge of perjury based upon this answer. Section 2 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1969, ch. 43, par. 120) in several paragraphs other than paragraph 14 lists others who are ineligible to receive licenses. The application form which the defendant completed and signed under oath contains questions relating to some of these ineligible classes named in the other paragraphs but there are at least three such ineligible classes about which no questions are asked on the application form.

Thus the defendant in answering the question involved had to decide whether the Illinois Liquor Control Commission was attempting to ascertain whether an applicant was a member of any class of persons ineligible to receive a license or whether the Commission was attempting to ascertain only membership in certain specific classes referred to in the questions. The question could have been much more precisely worded. It could have specifically asked if the applicant was a mayor, alderman, president or member of a county board, *etc.* Or it could have inquired if the applicant held an office or position listed in section 2(14) of article VI of the Illinois Liquor Control Act. However, the type of catch-all question propounded required the defendant to interpret it and to conclude, at his peril, whether the Commission wanted to know if he was a public official as defined in section 2(14), that is, a "law enforcing public official" or if he held the office of any of the public officials named in the paragraph. The defendant cannot be convicted of perjury for a truthful answer to a question subject to various interpretations. As stated by the Supreme Court of the United States: "Precise questioning is imperative as a predicate for the offense of perjury." (*Bronston v. United States,* 409 U.S.

352, 362, 34 L. Ed. 2d 568, 576, 93 S. Ct. 595.) That court also stated with regard to in-court questioning that "The burden is on the questioner to pin the witness down to the specific object of the questioner's inquiry." (409 U.S. at 360, 34 L. Ed. 2d at 575.) We think that the same burden rests upon those who prepare written questions which are to be answered with "yes" or "no" answers. The questions must be stated in such a precise way as not to require interpretation or construction by those who are required to answer them under oath. The question asked of this defendant is fundamentally defective and the indictment based upon the answer thereto is insufficient to charge the crime of perjury.

The judgment of the appellate court is reversed and the judgment of the circuit court of Sangamon County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE SCHAEFER, dissenting:

It seems to me that the statute and the application form are clear, and that the judgment of the appellate court, which reinstated the verdict of the jury, was correct. The question whether the defendant was "a public official as defined in Sec. 2(14) Art. VI of the Illinois Liquor Control Act" did not call for a conclusion. It called for a statement of fact as to whether or not the defendant was one of the class of public officials defined in that section. He was, but he swore that he was not.

All of the categories of positions mentioned in section 2(14) are public offices, and all the persons holding those positions are public officials. The prohibition applies to all of them: "*** and no such official shall be interested in any way ***." It is impossible, in my opinion, to read the statute without realizing that a "member of the county board" is one of the public officials it defines.

MR. JUSTICE DAVIS joins in this dissent.