**Terry BLACKBURN, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 4–985A261.**

Court of Appeals of Indiana,
Fourth District.

July 31, 1986.

Rehearing Denied Sept. 25, 1986.

Lawrence O. Sells, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Terry Blackburn appeals a jury verdict convicting him of perjury, a Class D felony. Essentially, he challenges the sufficiency of the evidence to sustain his conviction on grounds that the perjury statute, IND. CODE 35–44–2–1(a)(2), should be read to require proof that the defendant made two contradictory statements under oath or af-

firmation. We reverse, however, on other grounds.

Originally charged with criminal confinement, Blackburn appeared before the Hamilton Superior Court on July 16, 1984, for a guilty plea hearing. His colloquy with the trial court on that date included the following:

JUDGE BARR: All right. Now the Court's concern is, of course, that there is a factual basis for this plea ... are you stating here today, Mr. Blackburn, that you did in your opinion after having heard the definition of the offense and having reviewed this matter with your attorney, are you convinced that you did commit the offense of confinement in this period as charged in the information?

MR. BLACKBURN: Yes, sir.

JUDGE BARR: Is there anything that you would like to add further than what your attorney has already added at this particular time?

MR. BLACKBURN: Sir, the only thing that I can add is that this is the only period of time that I can recollect to ever confining anyone against their will to want to leave and go someplace else and I not let them or—

JUDGE BARR: But you understand it was within your best belief that it was within this period that's charged here?

MR. BLACKBURN: That's correct.

JUDGE BARR: And you are not contesting this charge?

MR. BLACKBURN: No, sir.

\* \* \* \* \* \*

JUDGE BARR: All right. Mr. Blackburn, do you now say that on or about this period of December 11, 1984, to December 25, 1982, that you did commit the offense of Confinement as charged in the Amended Count III of the information?

MR. BLACKBURN: That's correct, Your Honor.

The trial court accepted Blackburn's guilty plea and set a sentencing hearing for August 24, 1984, when Blackburn appeared with the intention of withdrawing his guilty plea. The record then reveals the following exchange:

JUDGE BARR: Well, Mr. Blackburn, would you please stand and be sworn. Do you solemnly swear that the testimony that you're about to give in this cause will be the truth, the whole truth and nothing but the truth, so help you God?

MR. BLACKBURN: Yes, sir, I do.

JUDGE BARR: All right, you may be seated.

QUESTIONS PROPOUNDED BY JUDGE BARR:

Q. Your counsel has just represented to the Court that you made false representations to the Court at the last hearing. Is that true?

A. Yes, sir.

Q. And you're telling this Court that you never confined the victim in this cause as you pled guilty to and admitted that you did at this last hearing?

A. No, sir, I never did.

The state subsequently filed an information charging Blackburn with perjury under IC 35–44–2–1(a); which provides in relevant part:

A person who....

(2) has knowingly made two (2) or more material statements, in a proceeding before a court or grand jury, which are inconsistent to the degree that one (1) of them is necessarily false;

commits perjury, a class D felony.

IC 35–44–2–1(b) goes on to provide:

In a prosecution under subsection (a)(2) of this section:

(1) the indictment or information need not specify which statement is actually false; and

(2) the falsity of a statement may be established sufficient for conviction, by proof that the defendant made irreconcilably contradictory statements which are material to the point in question.

Blackburn notes he was not placed under oath at the July 16 hearing, and argues he therefore may not be convicted of perjury. He contends that when amending the perjury statute in 1981 to include the present subsection (a)(2), the Indiana legislature "neglected to specify" that each of the two inconsistent material statements must have been made under oath or affirmation as required for a perjury conviction under subsection (a)(1), which defines the offense alternatively as committed by:

A person who:

(1) makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true. . . .

This omission, he asserts, is mere oversight; the legislature must have intended to include the requirement of an oath or affirmation as an element of the offense defined by subsection (a)(2). Blackburn relies heavily upon his contention that the drafters of this subsection of the Indiana perjury statute closely modeled the provision on its federal counterpart, which does include the oath requirement,[1] a "conspicuous and inadvertent omission" from the Indiana version.

■ We agree with Blackburn that the omission is conspicuous, but we may not draw speculative conclusions regarding the legislature's inadvertence in so drafting the statute. Blackburn correctly observes that penal statutes are to be strictly construed against the state, and ambiguities in criminal statutes must be resolved in favor of the accused. *Pennington v. State* (1981), Ind., 426 N.E.2d 408. We perceive, however, no ambiguity on the face of this provision, which clearly creates an offense of perjury consisting of the making of irreconcilably inconsistent material statements before a court or grand jury. Evidently, the legislature has deemed such inconsistent material statements to represent as grave an evil in derogation of the judicial truth-seeking process as other demonstrably false sworn statements. Falsity is proven by the irreconcilable contradiction, and the legislature has evidently concluded that such a false statement before a court or grand jury, whether or not the declarant is formally sworn, constitutes the functional equivalent of perjury under IC 35–44–2–1(a)(1). As the provision is facially unambiguous, and nothing in the logic of the statutory scheme compels us to posit a latent ambiguity which would require us to supply an additional element of the offense, further judicial interpretation of the statute is unwarranted. *See Daugherty v. State* (1984), Ind.App., 466 N.E.2d 46.

■ We do not believe, however, that the circumstances of this guilty plea constitute sufficient evidence to sustain Blackburn's conviction of perjury. An alleged false statement which gives rise to a charge of perjury must be a statement of fact and not a conclusion, opinion, or deduction from given facts. *People v. White* (1974), 59 Ill.2d 416, 322 N.E.2d 1. A statement as to the legal effect of certain facts, or mere conclusion of law, ordinarily will not constitute perjury. 70 C.J.S. *Perjury* § 5. Blackburn's representations here are properly construed as legal conclusions regarding his guilt of the crime of confinement, not as factual statements. Black-

---

1. 18 U.S.C. § 1623(c) provides:

An indictment or information for violation of this section alleging that, in any proceedings before or ancillary to any court or grand jury of the United States, the defendant under oath has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false, need not specify which declaration is false if

(1) each declaration was material to the point in question, and

(2) each declaration was made within the period of the statute of limitations for the offense charged under this section.

In any prosecution under this section, the falsity of a declaration set forth in the indictment or information shall be established sufficient for conviction by proof that the defendant while under oath made irreconcilably contradictory declarations material to the point in question in any proceeding before or ancillary to any court or grand jury. It shall be a defense to an indictment or information made pursuant to the first sentence of this subsection that the defendant at the time he made each declaration believed the declaration was true.

burn's statement at the initial guilty plea hearing that "this is the only period of time that I can ever recollect to ever confining anyone against their will," his admission that he "did commit the offense of confinement as charged in the information," and his later recantation that he "never confined the victim in this cause as you ... admitted that you did," all plainly entail legal conclusions and therefore may not provide the basis for a perjury conviction.

■ In addition, Blackburn's affirmative response to the judge's question:

> Do you understand that by pleading guilty to this offense, you are admitting the truth of all material facts set forth in this charging information or to any offense included thereunder?

does not amount to a factual representation. It is merely another way for Blackburn to state that he did commit the crime. He generally agreed to the conclusion drawn from a document, e.g. the charging information. He did not make an affirmative representation as to any specific fact. Therefore, his general answer to the judge's question does not provide a sufficient basis for a perjury conviction.

We are troubled by the fact that, although our system allows a defendant to withdraw his guilty plea, it can then proceed without warning to charge him with perjury for doing so. We would point to Fed.R.Crim.P. 11 as illustrative of a less suspect method of dealing with a defendant who pleads guilty and later wishes to withdraw his guilty plea. Rule 11(e)(6) provides:

> (6) *Inadmissibility of Pleas, Plea Discussions, and Related Statements.* Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> (A) a plea of guilty which was later withdrawn;
>
> (B) a plea of nolo contendere;
>
> (C) any statement made in the course of any proceedings under this rule re-

garding either of the foregoing pleas; or

> (D) any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

*However, such a statement is admissible* (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) *in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.* (Emphasis added.)

Rule 11(c)(5) provides:

> (c) *Advice to Defendant.* Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
>
> . . . .
>
> (5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which he has pleaded, that his answers may later be used against him in a prosecution for perjury or false statement.

Thus, although the federal rules deem a guilty plea admissible under certain circumstances in a subsequent perjury proceeding, the defendant is protected in the sense that he is provided warning by the judge before his guilty plea is even accepted.

As previously mentioned, perjury under 18 U.S.C. § 1623(C) is distinguishable from perjury under IC 35–44–2–1(a)(2) in that under IC 35–44–2–1–(a)(2), we no longer require that the knowingly false statements be made under oath. The omission of the oath requirement, when taken in conjunction with the absence of a warning requirement, places an Indiana defendant who wishes to withdraw his guilty plea in a precarious position. The omission of the

oath requirement amplifies the need for a warning requirement.

In this case, Blackburn made only legal conclusions as to his guilt and was not warned that any statements he made could be used against him in a subsequent perjury proceeding. Having concluded *sua sponte* that such legal conclusions are insufficient to support a perjury conviction, we reverse.

MILLER, J., concurs.

CONOVER, J., concurs in result without opinion.