**Robert BARKER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 64A03–9608–CR–268.**

Court of Appeals of Indiana.

June 6, 1997.

Stephen Bower, Cohen and Thiros, Merrillville, for appellant.

Pamela Carter, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for appellee.

OPINION

STATON, Judge.

Robert Barker appeals his conviction of perjury [1], a Class D felony. Barker contends that an automobile engine does not meet Indiana's statutory definition of a motor vehicle. He challenges the sufficiency of the evidence supporting his conviction.

---

1. IND.CODE 35–44–2–1 (1993).

We reverse.

■ In July 1992 Barker pled guilty to possessing, with intent to sell, an automobile engine with an obliterated vehicle identification number in violation of 18 U.S.C. § 2321. In May 1994, twenty-three months later, Barker applied to the Bureau of Motor Vehicles for renewal of his business license as an automobile dealer. The renewal application asked: "Within the past 24 months, has any official or agent of your business: (A) had a civil judgment or criminal conviction against them for any violation of state or federal laws concerning the sale, distribution, financing, or insuring of motor vehicles?" (R. 39). Two boxes were provided, with the applicant required to check yes or no. Barker checked the "no" box. A police officer familiar with Barker went through Barker's filings with the Bureau of Motor Vehicles and brought the case to the prosecutor's attention. The trial court acknowledged that an engine is not a motor vehicle under Indiana's statutory definition, but expanded the legislature's statutory definition of motor vehicle to include an engine based on *United States v. Payne,* 635 F.2d 643 (7th Cir.1980), *cert. denied* at 451 U.S. 972, 101 S.Ct. 2050, 68 L.Ed.2d 351 (1981), and thus convicted Barker of perjury for his response to this question.

IND.CODE § 35–44–2–1 states that "[a] person who ... makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true ... commits perjury, a Class D felony." Barker contends that his statement was not false because he was convicted of possessing an illegal engine and an engine is not a motor vehicle. The case went to bench trial on stipulated facts. The controversy before us is one of statutory interpretation: whether an engine qualifies as a motor vehicle under Indiana's statutory definition.

A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act. *Detterline v. Bonaventura,* 465 N.E.2d 215, 218 (Ind.Ct.App.1984), *reh. de-*

*nied.* We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifest purpose to do otherwise. *Indiana Dept. of Human Services v. Firth,* 590 N.E.2d 154, 157 (Ind.Ct.App.1992), *trans. denied.*

IND.CODE § 9–13–2–105(a) (1993) defines "motor vehicle" as "a vehicle that is self-propelled." Applying this statute in *Chapman v. State,* 650 N.E.2d 764, 766 (Ind.Ct. App.1995) we held that a moped is a motor vehicle because it is self-propelled. In contrast, an engine is not capable of self-propulsion. Moreover, an engine is specifically defined as a "motor vehicle part" by a separate statute. IND.CODE § 9–18–8–1 (1993) defines a "motor vehicle part" as "the: (1) engine; (2) frame; (3) chassis; or (4) body; of a motor vehicle." "When the legislature defines a word, this Court is bound by that definition in construing the statute ... where the statute is clear and unambiguous on its face, we cannot interpret the statute, but must simply give the statute its apparent or obvious meaning." *Tucker v. State,* 646 N.E.2d 972, 975 (Ind.Ct.App.1995) (citations omitted). We therefore decline to construe an engine to be a motor vehicle.

The State argues that the Bureau of Motor Vehicles' question did not ask whether Barker was convicted of an offense concerning a motor vehicle. Instead, the State argues for the first time on appeal, and without citation, that the question asked whether Barker had committed any criminal act implicating a law which also contained provisions relating to motor vehicles. An argument raised for the first time on appeal will not be considered, *Davidson v. Cincinnati Ins. Co.,* 572 N.E.2d 502, 505 (Ind.Ct.App.1991), *trans. denied,* and failure to support an argument with citation to relevant authority constitutes waiver. Ind. Appellate Rule 8.3(A)(7). Notwithstanding these bars, the State's argument is without merit.

■ The State contends that the Bureau of Motor Vehicles' question asked whether the *law* under which Barker was convicted concerned motor vehicles. According to the State, it was not a question as to whether

Barker committed a crime concerning the sale, distribution, financing or insuring of automobiles; it was only a question of whether the violated law itself in some way concerned the sale, distribution, financing, or insuring of automobiles. Under the State's view the question entails a twofold inquiry. First, was there any crime whatsoever. Second, if there was a criminal violation, does the law that was violated also happen to contain provisions concerning the sale, distribution, financing, or insuring of motor vehicles. The violation itself need not have anything to do with motor vehicles, as long as it is prosecuted under a law which contains some provisions concerning motor vehicles. The State notes that 18 U.S.C. § 2321 makes it a crime to possess a motor vehicle with an obliterated vehicle identification number as well as criminalizing possession of vehicle parts with obliterated vehicle identification numbers. Thus the State concludes Barker is guilty of perjury because the law under which he was convicted concerns motor vehicles, although Barker's crime does not.

The State's interpretation requires applicants to render a legal opinion as to whether a law concerns the sale, distribution, financing or insuring of motor vehicles. Even when, as here, applicants have not been convicted of such conduct, under the State's view applicants would still be required to analyze the many different sections of the law and make conclusions as to whether such other provisions touched on the areas targeted by the Bureau of Motor Vehicles. This is contrary to the principle that "[a]n alleged false statement which gives rise to a charge of perjury must be a statement of fact and not a conclusion, opinion, or deduction from given facts.... A statement as to the legal effect of certain facts ... ordinarily will not constitute perjury." *Blackburn v. State,* 495 N.E.2d 806, 808 (Ind.Ct.App.1986), *trans. denied.* This is especially pertinent in light of the clarification made in the underlying federal court case against Barker which dealt with the exact point at issue here, when it was specifically explained that Barker's conviction under 18 U.S.C. § 2321 concerned a car part and not a motor vehicle. (R. 104). Despite the articulation of this distinction in the federal court, and despite the fact that

Barker's conviction did not involve motor vehicles, the State seeks to hold Barker responsible for perjury for failing to elucidate to the Bureau of Motor Vehicles that his federal conviction was under a law which, in other particulars not relevant to his own case, did concern the sale of motor vehicles. Moreover, the State urges that Barker should have understood this duty even though such a procrustean interpretation does not fit within the plain and ordinary meaning of the language used in the question.

The State's argument contravenes the principle that perjury must be clear and direct, and not implied or suggested. *Griepenstroh v. State,* 629 N.E.2d 887, 891 (Ind.Ct.App.1994), *trans. denied.* The perjury alleged here is not the type of unambiguous and direct statement of fact necessary to sustain a perjury conviction. *See for example Daniels v. State,* 658 N.E.2d 121 (Ind.Ct.App.1995) (perjury conviction upheld where witness stated that his car was always clean and waxed, so it could not have been the car described by rape victim). Rather, the perjury alleged here is based on a novel interpretation of syntax. Inconsistency with the possible auras and penumbras that can be interpreted as emanating from a question is not sufficient to sustain a conviction for perjury.

Reversed.

GARRARD and BAKER, JJ., concur.