


FILED

Sep 24 2024, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Jeremy R. Basso,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

September 24, 2024

Court of Appeals Case No.
24A-CR-500

Appeal from the Shelby Superior Court

The Honorable Dan E. Marshall, Special Judge

Trial Court Cause No.
73D01-2307-F6-288

---

**Opinion by Judge Tavitas**

Judges Crone and Bradford concur.

**Tavitas, Judge.**

## Case Summary

[1] The State charged Indiana State Police Trooper Jeremy Basso with perjury and official misconduct based on statements Trooper Basso made during a sentencing hearing in a case in which Trooper Basso was the victim. The trial court denied Trooper Basso's motion to dismiss the charges. In this interlocutory appeal, Trooper Basso argues that the trial court abused its discretion by denying the motion. Because the undisputed facts of this case do not constitute perjury or official misconduct as a matter of law, we agree with Trooper Basso that the trial court abused its discretion by denying the motion to dismiss. Accordingly, we reverse.

## Issue

[2] Trooper Basso raises one issue, which we restate as whether the trial court abused its discretion by denying Basso's motion to dismiss.

## Facts[1]

In June 2021, Trooper Basso was struck by a vehicle driven by Mason Durrett. The State charged Durrett, in part, with operating a vehicle while intoxicated causing serious bodily injury, a Level 5 felony. On October 25, 2021, in a deposition held as a part of Durrett's criminal case, Trooper Basso testified that he believed Durrett "deserve[d] jail time." Appellant's App. Vol. II p. 15. A few months later, on January 24, 2022, Trooper Basso filed a civil case against businesses that served Durrett alcohol on the night of the car accident.

Durrett pleaded guilty to the offense as charged, and the trial court held a sentencing hearing in March 2023, at which Trooper Basso was called as a witness by the State. Regarding Durrett's sentence, Trooper Basso testified that he did not desire for Durrett to serve jail time but rather that he desired for Durrett to serve his sentence on "home detention." *Id.* at 16. On cross-examination by Durrett's counsel, Trooper Basso acknowledged that, when he was deposed, he testified that Durrett should serve jail time. Trooper Basso, however, explained that his opinion had changed since the deposition. Durrett's counsel then asked Trooper Basso if his **"opinion wouldn't change if there was a positive or a negative resolution in [the] civil matter,"** and

---

[1] In accordance with our standard of review, we include the facts alleged in the charging information and the probable cause affidavit.

Trooper Basso responded, "No, it wouldn't[,] to be honest." *Id*. (emphasis added).

[5] Following the sentencing hearing, the Indiana State Police interviewed three troopers with whom Trooper Basso spoke after the sentencing hearing. According to the probable cause affidavit:

> On or about March 16, 2023, Sergeant Haugh spoke directly to M/Trp. Basso at the courthouse. M/Trp. Basso stated, "he didn't want Mason (Mr. Durrett) to go to jail . . . it would be better on his pending civil trial".

> On or about March 16, 2023, Lieutenant Watson phoned M/Trp. Basso to discuss his testimony. During the call M/Trp. Basso stated, "the reason he didn't want Mason (Mr. Durrett) to go to jail was because his attorneys said it would benefit his civil suit if Mason (Mr. Durrett) didn't go to jail".

> On or about March 17, 2023, Sergeant Jacob Wildauer stated Basso told him directly, " . . . by Mason Durrett not going to jail, it would benefit his civil suit that he had pending . . .".

*Id*. at 16.

[6] On July 26, 2023, the State charged Trooper Basso with Count I, perjury, a Level 6 felony, on the grounds that Trooper Basso "did make a false, material statement under oath or affirmation, in the criminal sentencing proceeding . . . , knowing the statement to be false or not believing it to be true." *Id*. at 12. The State also charged Trooper Basso with Count II, official misconduct, a Level 6

felony, for committing perjury "in the performance of his official duties." *Id*. at 13.

[7] On October 6, 2023, Trooper Basso filed a motion to dismiss the charges. Trooper Basso "assume[d]" that the basis for the perjury charge was Trooper Basso's "change in opinion" regarding whether Durrett deserved jail time. *Id*. at 46. Trooper Basso argued that the perjury charge should be dismissed because the facts "do not constitute an offense" and that the official misconduct charge should be dismissed because it relied upon the perjury charge. *Id*. at 42.

[8] In response, the State argued that the perjury charges were not based upon Trooper Basso's change in opinion regarding whether Durrett should serve jail time. Rather, the perjury charges were based on the fact that, according to the State, Trooper Basso denied under oath that his change in opinion "had anything to do with the potential outcome" of Trooper Basso's civil case. *Id*. at 55. The State argued, "The reason[] for the change is a completely different inquiry than the change itself." *Id*. at 59.

[9] The trial court held a hearing on Trooper Basso's motion to dismiss on December 7, 2023, and on January 2, 2024, the trial court issued an order denying the motion. The trial court certified the matter for interlocutory appeal, and this Court accepted interlocutory jurisdiction on March 22, 2024.

## Discussion and Decision

[10] Trooper Basso argues that the trial court erred by denying his motion to dismiss. We agree.

## I. Standard of Review

We review a trial court's ruling on a motion to dismiss criminal charges for an abuse of discretion. *State v. S.T.*, 82 N.E.3d 257, 259 (Ind. 2017). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law. *Armes v. State*, 191 N.E.3d 942, 946 (Ind. Ct. App. 2022), *trans. denied*. We review questions of law de novo. *Id.*

Indiana Code Section 35-34-1-4(a) governs motions to dismiss in criminal cases and provides, in relevant part:

> The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:
>
> * * * * *
>
> (5) The facts stated do not constitute an offense.
>
> * * * * *
>
> (11) Any other ground that is a basis for dismissal as a matter of law.

In determining whether the facts constitute an offense, we ask "'whether the charging information adequately alleges that a crime has been committed.'" *State v. Sturman*, 56 N.E.3d 1187, 1198 (Ind. Ct. App. 2016) (quoting *Delagrange v. State*, 951 N.E.2d 593, 595 (Ind. Ct. App. 2011), *trans. denied*). We "consider

both the charging [i]nformation and the probable cause affidavit to determine whether the alleged facts constitute an offense." *Id.*

## II. The trial court abused its discretion by denying the motion to dismiss.

[14] Here, the facts are undisputed, and we are faced with a question of law as to whether the facts as alleged in the charging documents constitute an offense. We conclude that they do not and that the trial court, therefore, abused its discretion by denying Trooper Basso's motion to dismiss.

[15] Perjury is governed by Indiana Code Section 35-44.1-2-1, which provides, in relevant part, that a person who, "makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true . . . commits perjury, a Level 6 felony." Ind. Code § 35-44.1-2-1(a)(1). To constitute perjury, the statement must be "a statement of fact and not a conclusion, opinion, or deduction from given facts." *Barker v. State*, 681 N.E.2d 727, 729 (Ind. Ct. App. 1997) (quoting *Blackburn v. State*, 495 N.E.2d 806, 808 (Ind. Ct. App. 1986), *trans. denied*). Moreover, the statement must be "clear and direct, and not implied or suggested." *Id*. (citing *Griepenstroh v. State,* 629 N.E.2d 887, 890 (Ind. Ct. App. 1994), *trans. denied*). "It is well-settled that confusion or inconsistency alone is not enough to prove perjury." *Daniels v. State*, 658 N.E.2d 121, 123 (Ind. Ct. App. 1995) (citing *Dunnuck v. State*, 644 N.E.2d 1275, 1280 (Ind. Ct. App. 1994), *trans. denied; see also Fadell v. State*, 450 N.E.2d 109, 114 (Ind. Ct. App. 1983)).

As for the statute's *mens rea* requirement, the defendant must knowingly give the false statement. *See* Grand Jury Law and Practice § 11:6 (2d ed.) ("The most basic element of modern perjury statutes is the requirement that the statement at issue be false and that the witness know that it is false at the time it is made."). As defined by our legislature, "[a] person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2.

### A. A crime victim does not commit perjury merely by changing his or her opinion regarding the proper punishment for the defendant at the defendant's sentencing hearing.

Here, Trooper Basso frames the issue as whether the State can charge a crime victim with perjury merely because the crime victim has changed his or her opinion regarding the proper punishment for his or her perpetrator. We agree that this is not a proper basis for a perjury charge. Indiana courts have historically held that, "[o]rdinarily perjury cannot be predicated on the statement of an opinion." *Mannos v. Bishop-Babcock-Becker Co.*, 104 N.E. 579, 581 (Ind. 1914). A statement of opinion, such as one regarding the proper sentence for a defendant, is not a statement of fact that can be proven false in a perjury prosecution.

Moreover, crime victims play an important role in criminal prosecutions. Our Indiana Constitution recognizes that "[v]ictims of crime, as defined by law, shall have the right to be treated with fairness, dignity, and respect throughout the criminal justice process; and, as defined by law, to be informed of and

present during public hearings and to confer with the prosecution, to the extent that exercising these rights does not infringe upon the constitutional rights of the accused." Ind. Const. Art. 1, § 13(b); *see also Dunn v. State*, 33 N.E.3d 1074, 1077 (Ind. Ct. App. 2015) (Barnes, J., dissenting) (noting that, although "victims do not control the prosecution or plea bargaining processes, they do have the right to have their opinion considered by the prosecuting attorney"). As time passes, heated feelings cool, and old wounds heal, it is not unusual for crime victims to see in a new light the perpetrator of a crime against them. A crime victim does not commit perjury merely by changing his or her opinion regarding the proper punishment for the defendant at the defendant's sentencing hearing.

### B. The facts as alleged in the charging documents do not constitute perjury.

[19] The State, however, argues that Trooper Basso's change in opinion is not the basis for the perjury charge here. According to the State, Trooper Basso committed perjury by misrepresenting, under oath, that his changed opinion was not based on his civil case.

[20] We reject the State's argument for several reasons. First, the question to Trooper Basso at the sentencing hearing was confusingly worded. Durrett's counsel asked Trooper Basso if his opinion regarding jail time "wouldn't change if there was a positive or a negative resolution in [the] civil matter." Appellant's App. Vol. II p. 16. The question calls for Trooper Basso to speculate regarding whether his opinion regarding Durrett's sentence would change based on the future outcome of the civil case. Despite the State's desire

to contort this question, Trooper Basso simply was not asked whether his present opinion regarding Durrett's sentence was based on the civil case as it stood then.

[21] According to the State, after the sentencing hearing, Trooper Basso told other troopers that it would benefit his civil suit if Durrett did not serve jail time. Trooper Basso's statements to the other troopers, however, are not inconsistent with the question he was asked on the stand.

[22] We find *Barker v. State*, 681 N.E.2d 727 (Ind. Ct. App. 1997), persuasive here. In that case, Barker "pled guilty to possessing, with intent to sell, an **automobile engine** with an obliterated vehicle identification number" in violation of federal law. *Id*. at 728 (emphasis added). Years later, Barker submitted a business license renewal application in which he denied that he had any criminal convictions "for any violation of state or federal laws concerning the sale, distribution, financing, or insuring of **motor vehicles**." *Id*. (emphasis added). The State charged Barker with perjury, and he was convicted at trial.

[23] On appeal, we held that the evidence was insufficient to support the perjury conviction. We held that an automobile engine did not meet the statutory definition for a motor vehicle. We also rejected the State's argument that Barker need not have committed a crime that concerned a motor vehicle so long as the "violated law itself in some way concerned the sale, distribution, financing, or insuring of automobiles." *Id*. at 729. We held that it was not Barker's duty, in submitting the license application, "to elucidate to the Bureau

of Motor Vehicles that his federal conviction was under a law which, in other particulars not relevant to his own case, did concern the sale of motor vehicles." *Id*.

[24] Like in *Barker*, there is simply a mismatch between the question Trooper Basso was actually asked and the one the State contends he was asked. *See also United States v. Brown*, 843 F.3d 738, 743 (7th Cir. 2016) (noting that, under federal perjury statute, "when a line of questioning 'is so vague as to be fundamentally ambiguous, the answers associated with the questions posed may be insufficient as a matter of law to support the perjury conviction'") (quoting *United States v. Lighte*, 782 F.2d 367, 375 (2d Cir. 1986)). Trooper Basso could not have misrepresented that his change in opinion since the deposition was due to the civil case because he was not asked that question to begin with. We, thus, decline the State's invitation to shoehorn Trooper Basso's testimony into a question that was not asked. The undisputed facts of this case do not constitute perjury as a matter of law.

[25] The State also charged Trooper Basso with official misconduct on the grounds that Trooper Basso committed perjury while in the performance of his official duties. *See* Ind. Code § 35-44.1-1(1) (providing that "[a] public servant who knowingly or intentionally . . . commits an offense in the performance of the public servant's official duties . . . commits official misconduct, a Level 6 felony). Because we conclude that the facts of this case do not constitute perjury, the facts necessarily do not constitute official misconduct. The trial

court abused its discretion by denying Trooper Basso's motion to dismiss. Accordingly, we reverse.

## Conclusion

The trial court abused its discretion by denying Trooper Basso's motion to dismiss. Accordingly, we reverse.

Reversed.

Crone, J., and Bradford, J., concur.

ATTORNEYS FOR APPELLANT

James H. Voyles, Jr.
Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana